HENRY J. DIETZ, Respondent, v. ROBERT H. TREUPEL and
Others, Defendants, Impleaded with HARRY C. SHAW,
Appellant.

Second Department, July 31, 1918.

**War — Soldiers' and Sailors' Civil Relief Act construed — stay of
entry of possible deficiency judgment in foreclosure.**

While the provisions of the Soldiers' and Sailors' Civil Relief Act should be
liberally construed in the interest of those for whose benefit it was enacted,
the appellate court should not interfere with the discretion of a justice
at Special Term in staying the entry of any possible deficiency judgment
against the signer of the bond accompanying a mortgage until six months
after the termination of the war, where it appears that the liability of such
person, if any, is contingent and that he is a chief yeoman in the naval
reserve who has not entirely relinquished his business interests.

The court has no power to stay the prosecution of a foreclosure suit under
such circumstances.

While the court will protect the men engaged in the service of the nation from
loss in legal proceedings brought about by their absence in service, the
papers should show that the threatened injury is due to their service and
consequent inability to protect their interests.

APPEAL by the defendant, Harry C. Shaw, from part of an
order of the Supreme Court, made at the Westchester Special
Term and entered in the office of the clerk of the county of
Westchester on the 3d day of April, 1918.

This is a foreclosure action. The appellant moved for an
order restraining the plaintiff from establishing any claim
against him for a deficiency on the sale and from entering
any judgment for a deficiency against him. The motion was
granted with modifications. The appeal is taken from that
part of the order which limits the time within which a defi-
ciency judgment against the appellant may not be entered
by providing that the stay shall be effective only " until the
expiration of six months after the termination of the war with
Germany."

*Richmond J. Reese*, for the appellant.

*Frederick P. Close*, for the respondent.

PER CURIAM:

While the provisions of the Soldiers' and Sailors' Civil Relief
Act (40 U. S. Stat. at Large, ——, chap. ——), approved March

8, 1918, should be liberally construed in the interest of those for whose benefit it was enacted, we think that we should not interfere with the exercise of discretion by the learned justice at Special Term upon the facts as presented to him. He stayed the entry of any possible deficiency judgment against the appellant until six months after the termination of the war. We do not think the court had any power to stay the prosecution of the foreclosure suit. The appellant is not the owner of the property. His liability, if any, is contingent, depending on a possible deficiency on the sale of the premises because appellant signed the bond accompanying the mortgage. But the facts stated in the moving papers are meagre. To say that the appellant is a chief yeoman in the Naval Reserve, formerly in the real estate business, and whose affidavit does not disclose the nature of his present employment, and who merely states that he " has been obliged to almost entirely relinquish his civil business," is not enough. Chief yeomen assigned to certain duties in the Naval Reserve are in many cases engaged during ordinary business hours and are at liberty to return to their homes every night. They may attend to advertising property, inability to attend to which is the appellant's alleged grievance, as well as otherwise protect themselves without any added difficulty due to military or naval service. That is the criterion under the act of Congress. The stay shall be granted " unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service." (Soldiers' and Sailors' Civil Relief Act [40 U. S. Stat. at Large, ——], § 302, subd. 2.) The court has no power to compel the plaintiff to accept a deed of the mortgaged premises and to pay for it, releasing the parties liable for deficiency as suggested in the papers, nor is it exact to say that the appellant's situation is brought about by his military or naval service, or to charge the plaintiff with injustice or sordid motives. Besides it appears that there are on the records of the county unsatisfied judgments against the appellant, entered long before the war, amounting to some $3,335. If the appellant was absent from home on military or naval service and because of that absence unable to protect

himself, a different case might be presented, but on the present record it would appear that the energy and activity displayed in these proceedings if directed to advertising the property and endeavoring to procure purchasers at private or public ·sale would have as good result as if appellant was not a chief yeoman who, according to his own affidavit, has not entirely relinquished his real estate business. While the courts will protect the men engaged in the service of the nation from loss in legal proceedings brought about by their absence in service, the papers should show that the threatened injury is due to their service and consequent inability to protect their interests, and this is the plain direction of the act of Congress.

The order in so far as appealed from should be affirmed, without costs.

JENKS, P. J., MILLS, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Order affirmed, without costs.