JAMAICA SAVINGS BANK, Plaintiff, *v.* MURIEL S. BRYAN and Others, Defendants.*

Supreme Court, Special Term, Queens County, January 17, 1941.

*Faber, Fink & Stuart* [*Richard C. Faber* of counsel], for the plaintiff.

*C. E. Sutherland,* for the defendants Muriel S. Bryan and John W. Bryan.

Other defendants not appearing.

HOOLEY, J. Motion to strike out the answer of defendants as insufficient in law. The action is brought to foreclose a mortgage. The defendants, in their answer, set forth that the defendant John W. Bryan has been since the 25th day of November, 1940, a soldier in the service of the United States Army, and assert that Muriel S. Bryan is the owner of the property, that the said John W. and Muriel S. Bryan are husband and wife, and that the defendant John W. Bryan is liable for the mortgage debt. The answer prays that the complaint be dismissed or that all proceedings be held in abeyance during the time of the service of John W. Bryan. In addition, defendant John W. Bryan submits an affidavit asking that proceedings be stayed according to law.

Of course, the fact that a defendant is in military service is not a defense to the action under the Soldiers' and Sailors' Civil Relief Act of 1940 (54 U. S. Stat. at Large, p. 1178; U. S. Code,

* See, also, 176 Misc. 215

tit. 50, Appendix, §§ 501–585). That act by no means contemplates that persons able to meet their obligations may set up the act in bar to prevent creditors from pursuing their remedies. It does mean that soldiers and sailors in the service who are handicapped by reason of their military service, either in making valid defenses to an action or in meeting their financial obligations, shall have the protection of the court to prevent prejudice to their rights by reason of such service.

The question then arises; Is the defendant John W. Bryan prejudiced by his service herein and is his ability to conduct his defense materially affected by such service? If such be the fact, then while what is set forth in his answer does not constitute a denial, a defense or a counterclaim and really is no answer to the matters set forth in the complaint, the court could stay all proceedings herein, pursuant to section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940 (54 U. S. Stat. at Large, p. 1181; U. S. Code, tit. 50, Appendix, § 521). That section provides as follows: " At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

There is absolutely nothing before the court on which it could base an opinion to the effect that defendant's ability to conduct his defense is materially affected. The answer and the affidavit submitted set forth the bare facts as to his service.

Accordingly, the court will take proof on the matter which may be either in the form of affidavits or testimony, whichever the parties agree upon. After such proof has been furnished, the court will be in a position to determine whether or not a stay should be granted, the length thereof and the terms and conditions to be imposed pursuant to section 204 of the act (54 U. S. Stat. at Large, p. 1181; U. S. Code, tit. 50, Appendix, § 524).

It is noted that the defendant John W. Bryan is not the owner of the property. Accordingly, section 302 of the act (54 U. S. Stat. at Large, p. 1182; U. S. Code, tit. 50, Appendix, § 532), which permits a stay in a foreclosure action, has no application here. It is also noted that pursuant to section 204 aforesaid, the court, even if it stayed the action as to defendant John W. Bryan, could permit the action to continue as to the codefendant, Muriel S. Bryan. It

likewise could stay the action as to her in view of the fact that she is subject to the obligation of the bond also. (Soldiers' and Sailors' Civil Relief Act of 1940, § 103, subd. 1; 54 U. S. Stat. at Large, p. 1179; U. S. Code, tit. 50, Appendix, § 513, subd. 1.) In view of this, proof should be submitted as to her income so that the court will be in a position to determine whether the action shou'd also be stayed as to her in the event it is stayed as to her husband.

The plaintiff herein may cite *Dietz* v. *Traupel* (184 App. Div. 448) as the basis for continuing the action against defendant wife, even if the action is stayed against her husband. However, in that case, which involved the 1918 Soldiers' and Sailors' Civil Relief Act, the facts are not the same as here. There the Appellate Division, Second Department, declined to interfere with the discretion of the lower court in staying the entry of any possible deficiency judgment against the sailor defendant until six months after the termination of the war. It stated· " We do not think the court had any power to stay the prosecution of the foreclosure suit." This meant, of course, as to the other defendants. But in that case the other defendants were not on the bond, as in this case, with the defendant in the service. In that case the sailor was liable as a former owner of the property because he had signed the bond which accompanied the mortgage. In addition, there is a husband and wife situation here which did not exist in that case. Hence, it is clear that that case has no application here.

The parties will agree as to the form of proof to be submitted on the facts above.