## SWIDERSKI v. MOODENBAUGH.

### No. 918.

District Court, D. Oregon.

March 23, 1942.

Reuben G. Lenske, of Portland, Or., for plaintiff.

Dey, Hampson & Nelson, C. J. Young, and John G. Gearin, all of Portland, Or., for defendant.

JAMES ALGER FEE, District Judge.

The instant action is for damages for injuries alleged to have been sustained by plaintiff in a collision of the car in which he was driving with that driven by defendant. Defendant was in the military service at the time of the accident. He was out of service in the fall of 1941 and the action was commenced on November 12th of that year.

Defendant has now been recalled to the service and is at Camp Ord, California. He was present during the pre-trial conferences and his deposition has been taken as an adverse witness. He has now moved for a postponement of further action in the case, although it was set for trial before his induction, on the ground that his ability to conduct his defense is materially affected by reason of his military service. Title 50 U.S.C.A.Appendix, § 521, Act Oct. 17, 1940, c. 888, § 201, 54 Stat. 1181.

The court will not attempt to allocate fault between the parties as to the situation. Both were fairly treated by the court. Either could have brought the case to trial at any time after appearance of the defendant, as the dockets of the

688

court were clear. Both acted with the possibility of defendant's recall to service in contemplation.

■ The court has discretion under the statute. Congress has declared the public policy relating to persons in military service. No absolute bar has been erected to such proceedings. The necessity is thus imposed of acting with sound judgment. Two perils present themselves. The court must avoid injury to a soldier who is devoting himself to the service of the country. The court must prevent use of this shield for the protection of others not so devoted. Here plaintiff claims serious injury. His counsel has stated without contradiction that defendant is protected by a casualty insurance policy up to five thousand dollars and has agreed to limit recovery to that amount. This seems a proper factor for the court to consider in the exercise of discretion. The act expressly allows an action to proceed against other defendants, although a soldier is also sued. Title 50 U.S.C.A.Appendix, § 524. A court has decided that a foreclosure suit may proceed if the court finds that the ability of one in the military service is not materially affected, in view of the fact that he was not the owner of the property. Jamaica Savings Bank v. Bryan, 175 Misc. 978, 25 N.Y.S.2d 17; Id., 176 Misc. 215, 25 N.Y.S.2d 641.

It is true that the insurer is not technically a party to the action. But the judgment, if there is any, will ultimately be paid by it. If it were sued directly it would have no defense based upon the fact that witnesses were in the military service. Certainly, no court would be required to grant continuance where the cause could have been tried long before such contingencies arose.

■ The court can under the statute halt the case at any time whenever manifest injury to the soldier appears. See Ilderton v. Charleston Consolidated R. & Lighting Co., 113 S.C. 91, 101 S.E. 282. The court overrules the motion to postpone further proceedings for the duration of the emergency. The trial will proceed upon plaintiff's claim against defendant. The counterclaim of defendant is reserved for future trial. Continuance for purpose of obtaining depositions may be granted upon showing of necessity.

Appropriate orders will enter.