12 So.2d 680

LAPEROUSE v. EAGLE INDEMNITY
CO. et al.

No. 36887.

Dec. 30, 1942.

Rehearing Denied March 8, 1943.

Voorhies & Labbe, of Lafayette, for relator.

Davidson & Davidson and Welton P. Mouton, all of Lafayette, for respondents.

PONDER, Justice.

The plaintiff, Grady Laperouse, brought suit against the defendants, Wilson Landry

and the Eagle Indemnity Company, insurer of the Southwest Motors, Inc., the employer of Wilson Landry, seeking to recover damages for injuries sustained by him in an automobile collision. It is not necessary for the purpose of this decision to recite the various allegations of the plaintiff's petition, but it is sufficient to say that it is alleged to the effect that the injuries were occasioned by the negligent operation of an automobile by Wilson Landry, during the course of his employment with Southwest Motors, Inc., while in an intoxicated condition.

The defendants filed separate answers. The answer of the defendant, Wilson Landry, is in the nature of a general denial. The Eagle Indemnity Company, in its answer, denies the pertinent allegations of the plaintiff's petition, and, in addition thereto, avers that Landry was not acting within the scope of his employment at the time of the collision, and expressly denies any liability therefrom.

The defendant, Wilson Landry, in answer to interrogatories on facts and articles propounded to him, in effect, admits that the injuries to the plaintiff were occasioned by his, Landry's, negligence. His answers to the interrogatories show that he, Landry, had been drinking with friends on the night he ran into the plaintiff; that Landry had driven his car into a ditch, which car had to be pulled out by the wrecker of his employer, Southwest Motors, Inc.; that immediately thereafter, Landry had to drive the car to the place of business of his employer at Lafayette, Louisiana to have the battery changed; that later, while re-

turning to his home at Scott, Louisiana, Landry felt his car hit something, which he discovered to be the plaintiff, and that at the time he struck the plaintiff, he must have momentarily fallen asleep. He also admitted to facts clearly showing that at the time he ran into the plaintiff, the automobile was being driven by him within the scope of his employment for the Southwest Motors, Inc. A short time after he answered the interrogatories, Landry was inducted into the armed forces of the United States.

The defendant, Wilson Landry, asked for a stay of the proceedings under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C.A.Appendix § 501 et seq., on the ground that he had been inducted into the military service of the United States. The defendant, Eagle Indemnity Company, appeared and asked to join in the request of Landry for a stay of the proceedings, alleging that the liability of the defendants must, on the merits, be determined by the question of the culpability vel non of the defendant, Landry· the driver of the automobile.

A stay of proceedings was granted to both defendants by the lower court. The plaintiff applied to this Court for the writs of certiorari, prohibition and mandamus which were granted. A rule nisi was issued, and the matter is now submitted for our determination.

■ The relator's opposition to the stay of the proceedings, urged in the lower court, is based on the ground that the ability of Landry to conduct his defense is not materially affected by virtue of his military service for the reason that Landry has little, if any, interest in the case, since he has already admitted his negligence by his answers to the interrogatories propounded to him and by entering a plea of guilty to a criminal charge involving the same set of facts upon which the present suit is predicated. He now contends that the lower court was in error in granting a stay of proceedings under these circumstances.

Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940, Public Act No. 861, 54 Stat. 1181, 50 U.S.C.A.Appendix § 521, provides as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The plaintiff in this suit is asking for damages in the amount of $18,654.50. The liability of the insurance carrier under its policy with the Southwest Motors, Inc., is limited to the sum of $10,000 for injuries to any one person. The plaintiff is asking to recover damages in an amount in excess of that covered by the insurance poli-

cy. It is apparent that the defendant, Wilson Landry, would be solely liable for any amount of damages granted in excess of $10,000, or the amount covered by the policy. While the defendant, Landry, might not be permitted to controvert the admissions made by him in his answers to the interrogatories, yet he certainly would be entitled to introduce any evidence that he might be able to procure touching the quantum of damages. He has at no time made any admission relative to the quantum of damages. His defense in this respect might be materially affected by reason of his inability to be present at the trial of the cause during his military service.

We are not prepared to say that the lower court abused the discretion vested in it in granting the stay of proceedings with respect to the defendant, Wilson Landry, under the circumstances in this case. The purpose of the Act is to prevent injuries to the civil rights of those in the armed services of the United States during that service in order that they may be free to devote all of their energies to the military needs of the nation. The statute must be liberally construed to effectuate that purpose. Royster v. Lederle, 6 cir., 128 F.2d 197.

■ We are presented with an entirely different situation with respect to the defendant insurance company. The provisions of the Act in question were intended solely for the benefit of those in the armed services. While the Act in question permits the granting of a stay of proceedings to sureties, guarantors, endorsers and others, whether primarily or secondarily subject to the obligation or liability, yet, since the purpose of the Act is solely for the benefit of those in the armed services, the courts would not be warranted in granting a stay of proceedings where the civil rights of the person in military service are not materially affected.

■ Under the provisions of Act No. 55 of 1930, the plaintiff could have proceeded by a direct action against the insurance company. If the insurance company were sued alone, it would have no defense based upon the fact that Landry was in the military service. Swiderski v. Moodenbaugh, D.C., 44 F.Supp. 687.

While this Court must avoid injury to a soldier who is devoting himself to the services of his country, yet, others not so devoted should not be permitted to use the protection granted the soldier as a shield to postpone or escape their liability. Whatever judgment, if any, that might be granted to the plaintiff will ultimately be paid by the insurance company to the extent of the coverage called for in the policy.

We are of the opinion that the ruling of the trial court insofar as it grants the insurance company a stay of proceedings is erroneous and should be set aside.

The two cases, Lanham v. Cline, D.C., 44 F.Supp. 897, and Ilderton v. Charleston Consol. Ry. & Lighting Co., 113 S.C. 91, 101 S.E. 282, relied on by the defendant insurance company are not pertinent. They do not involve the right of an insurer

of one in the armed services to a stay of proceedings or any act similar to Act 55 of 1930.

For the reasons assigned, the writs are made peremptory and the rule nisi issued herein is made absolute insofar as the Eagle Indemnity Company is concerned. The writs are recalled insofar as Wilson Landry is concerned. The trial court is ordered to proceed with the cause against the defendant, Eagle Indemnity Company, consistent with the views herein expressed and according to law.