ROSE BAER, Plaintiff, *v.* ARTHUR B. EADS et al., Defendants.

Supreme Court, Special Term, Kings County, April 28, 1943.

*Myers & Sherwin* for plaintiff.

*Lucile Pugh* for defendants.

CUFF, J. Motion by plaintiff (1) to confirm the report of the referee in foreclosure; (2) to confirm the report of the

Official Referee; (3) for judgment of foreclosure, and (4) for an extra allowance. The controversy centers around the fact that two of the defendants are in the military forces and the opposition urges that this foreclosure should be stayed on that account; there is also a question of whether proper service was effected upon the owner of the equity. This action was commenced by filing the *lis pendens* and complaint on May 12, 1942, and by serving (that will be discussed later) John Cummings Seward, the owner of the equity, the same day.

Three defaults are listed in the complaint as follows: October 1, 1941, first half of 1941–1942 tax, $140.60; April 1, 1942, second half of 1941–1942 tax of $140.60, and water rates that became due January 1, 1942, $37.50. No personal judgment is sought against either of the defendants (Seward and Eads) who oppose this motion. The defendant Eads appeared in the action on October 13, 1942, by an attorney. He defaulted in answering. The defendant Seward is not named in the summons and complaint as a defendant except by the usual fictitious designation of " John Doe ". A motion made to vacate that service was denied (September 29, 1942, BRENNAN, J.). The order on that motion contains the following recital: " it appearing to the satisfaction of the court that the said John Cummings Seward was duly designated in the summons herein by the fictitious name ' John Doe ' followed by a description tending to identify him as a tenant, lessee or occupant of a part of the mortgaged premises and as such occupant the said John Cummings Seward was duly personally served * * *." (See order entered October 5, 1942, BRENNAN, J.) An appeal from the order was taken but not prosecuted so that it was dismissed February 1, 1943. The order of Mr. Justice BRENNAN above referred to concludes the question of due service on defendant Seward. This court may not inquire further into that subject. The law of the case is that he was duly served. The defendant Seward has also defaulted.

On November 27, 1942, an order appointing a referee to compute was entered. When that referee's report was moved for confirmation the court at Special Term referred to an Official Referee the question of whether the ability of the defendants to comply with the terms of the bond and mortgage had been materially affected by their military service, and also directed that any further action based upon the Official Referee's report should be disposed of by the justice presiding at Special Term (see order entered February 1, 1943) so that the motion to

confirm the report of the referee to compute as well as the other motions which originated on this application are before this court for determination. The defendants seek to invoke the Federal Soldiers' and Sailors' Civil Relief Act of 1940 as amended by the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 [U. S. Code, tit. 50, Appendix, § 521, § 532, subds. (2), (3)] and obtain for these defendants the stay provided therein. Seward and Eads joined the Navy May 19, 1942, and June 28, 1942, respectively, to the best of the knowledge of the Eads' attorney (Miss Pugh); each of them she testified is with the fleet in the Pacific Ocean, where she did not know (S. M. 29, hearing before Official Referee). The last default pleaded in the complaint was the taxes due April 1, 1942; the service of the summons and complaint was made on defendants on May 12, 1942. Therefore the defaults on the mortgage were suffered prior to the defendants' leaving civil life for the military. Likewise, both were served before they joined the forces. There is no plea that the defendants could have answered and were prevented by their absence in the service. The record is filled with extraneous matters. If these defendants had not joined the Navy, but remained here, there is nothing that they could do that they cannot do now. They could and they can yet comply with section 1077-e of the Civil Practice Act. To obtain the benefit of the Act of Congress — the Federal Soldiers' and Sailors' Civil Relief Act — the persons seeking its protection must show that " the threatened injury is due to their service and consequent inability to protect their interests " (*Dietz* v. *Treupel,* 184 App. Div. 448, 450). There is no such showing by these defendants, and because of the dates of the events concerned in this application there could be none.

The Official Referee reported that " neither defendant has any defense to the action which is affected or impaired by his military service, nor is his ability to comply with the terms of the bond and mortgage under foreclosure materially affected by such service " (see report dated March 18, 1943, Dodd, J.). The evidence taken before him supports that determination. His report is confirmed. It follows that the report of the referee to compute is confirmed and that judgment with $200 extra allowance provided by section 1513 of the Civil Practice Act should be entered. The motion is in all respects granted. Judgment signed.