14 So.2d 673

REGISTER v. BOURQUIN et al.

No. 37135.

June 21, 1943.

Grimmet, Boatner, Simon & Carroll, of Shreveport, and R. A. Fraser, of Many, for respondents.

FOURNET, Justice.

The relator, W. M. Register, having, on September 30, 1942, instituted suit against J. A. Reynolds, John Spence Bourquin, and the latter's insurer, the Employers Casualty Company, individually and in solido, for the use and benefit of his eleven year old daughter, Edress Register, to recover $5,000 damages for the injuries sustained by her as the result of an automobile accident on July 27, 1942, and to recover in his individual capacity $487.75, the expenses incurred by him for her hospital and medical attention, applied to this court for a writ of mandamus to compel the trial judge to revoke his order of April 7, 1943, staying the proceedings upon the motion of Bourquin and his insurer (the suit as to Reynolds having been dismissed on exceptions of no cause and no right of action), and we issued a writ of certiorari ordering the district judge to transmit the record in this case to this court, to the end that the validity of the proceedings might be ascertained, and to show cause why the relief prayed for should not be granted.

The stay order was sought for the reason that Bourquin entered the armed forces of the United States in December of 1942 and was, when the motion was filed on March 9, 1943, in one of the army's training schools in Missouri, the insurer alleging

Frank S. Kennedy, of Shreveport, for relator.

it would be impossible to properly and fully prepare and present its defense in

the case without Bourquin's presence, assistance, and testimony, to which it was entitled, and the trial judge, relying on the decision of the Sixth Circuit Court of Appeal of the United States in the case of Royster v. Lederle, 128 F.2d 197, 199, which he considered to be almost identical in point of fact, ordered the proceedings against Bourquin stayed until his discharge from military service and ordered them stayed against the insurer until such time as the company might have the benefit of the personal attendance and evidence of Bourquin, or until further ordered by court.

The pertinent sections of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Act of 1942, are as follows:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force." 50 U.S.C.A. Appendix, § 510.

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 50 U.S.C.A. Appendix, § 521.

"That whenever under the provisions of this Act, enforcement of any obligation or liability, the prosecution of any suit * * * may be stayed, postponed, or suspended, such stay, postponement, or suspension may, in the discretion of the court, likewise be granted to sureties, guarantors, endorsers, accommodation makers, and others, whether primarily or secondarily subject to the obligation or liability, the performance or enforcement of which is stayed, postponed, or suspended." 50 U.S.C.A. Appendix, § 513, as amended October 6, 1942, c. 581, Sections 2, 3, 56 Stat. 769.

As pointed out in the Royster case, relied on by the trial judge, "The provisions of this Act were intended solely for the benefit of those in the armed services of the United States, but the Act does not provide a defense to actions against them. It only allows a postpone-

ment until such time as the defendant is unhampered by his military service to defend such actions. The object of the Act was to prevent injury to the civil rights of those in the armed services of the United States during that service in order that they would be free to devote all of their energies to the military needs of the Nation. Unless it is made to appear that the rights of the person in the service will be prejudiced by a proceeding against him, the Act is inapplicable." See, also, Tolmas, Inc., v. Streiffer, 199 La. 25, 5 So.2d 372.

While it is true that in the Royster case the court refused to vacate and set aside the order of the district judge continuing Royster's case against Ruggerio under the provisions of the Soldiers' and Sailors' Civil Relief Act, the court did order the lower court to modify its order of continuance by requiring the insurer to furnish a bond in the sum of $5,000 for the use and benefit of the injured person (Royster), "conditioned on the payment of whatever judgment not in excess of $5,000 she might obtain against the defendant * * * in the event he was insolvent at the time judgment in said action was rendered against him." As reflected by the opinion, the reason for this ruling of the court is that under Section 12460 of the Compiled Laws of Michigan 1929, 17 Michigan Statutes Annotated, Section 24.-296, all insurance companies in that state (where the action arose) are compelled to include in their policies a provision to the effect that if a judgment secured against an insured remains unsatisfied in any action brought by an injured person because of

the insolvency or bankruptcy of the insured, "then an action in the nature of a writ of garnishment may be maintained by the injured person * * * against such corporation or other insurer under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

But under the Louisiana law (Act No. 55 of 1930), contrary to that of Michigan, the injured person is given a right of direct action against the insurer, and, as was recently pointed out by us in the case of Laperouse v. Eagle Indemnity Co., 202 La. 686, 12 So.2d 680 (where this identical question was raised), while under the provisions of the Soldiers' and Sailors' Civil Relief Act the court may grant a stay of proceedings to sureties, guarantors, endorsers, accommodation makers, and other persons primarily or secondarily liable when the proceedings have been stayed as to the plaintiff or defendant in the armed forces, these provisions were intended solely for the benefit of those in the armed forces and are not warranted in the case of primary or secondary obligors unless it is apparent that a refusal to stay such proceedings would leave the civil rights of the person in the military service unprotected, citing as authority therefor the case of Swiderski v. Moodenbaugh, D.C., 44 F.Supp. 687, 688.

Furthermore, the act specifically provides that "Where the person in military service is a codefendant with others the plaintiff may nevertheless by leave of court proceed against the others" (50 U.S.C.A. Appendix, § 524), and there is

no provision in the act permitting a stay of proceedings, where the action is brought directly against the primary or secondary obligors, on the ground that one or more of the defendant's witnesses are in the armed forces.

In the Swiderski case, referred to supra, the court pointed out that in applying the Soldiers' and Sailors' Civil Relief Act "Two perils present themselves. The court must avoid injury to a soldier who is devoting himself to the service of the country. The court must prevent use of this shield for the protection of others not so devoted."

■ The Swiderski case was re-examined (D.C., 45 F.Supp. 790, 791) but the court refused to follow the decision in the Royster case, distinguishing it under the peculiar limitations in the policy in that case which rendered it inoperative unless the insured complied with its terms, including those relative ‘ to the insured's cooperation with the company and assistance in defending any suit instituted against him, and expressing the belief the decision in the Royster case was based on the rather broad ground that an action for personal injuries dies with the plaintiff in most jurisdictions. This was not so in Oregon, where the Swiderski case was instituted, and it is not so in Louisiana.

During the course of its opinion, the court very aptly said: "If the court should permit the insurer to put this case over for a period of years until the war is ended, the company might entirely escape liability, not because it is not liable under the facts and the law if the case could be tried now, but because the person who is defendant has gone into the service of the United States. This is a capitalization of the patriotism of another to the detriment of one alleged to have been seriously injured, which a court should not permit at the instance of an insurer for hire."

■ According to the facts of the case, we do not believe the trial judge abused his discretion in staying the proceedings as to Bourquin, who is now in the armed forces, but it is our opinion he improperly stayed them as to the Employers Casualty Company. Consequently, his order, to that extent, must be set aside.

For the reasons assigned, the writs are made peremptory and the rule nisi issued herein is made absolute in so far as the Employers Casualty Company is concerned, and the case is remanded to the lower court for further proceedings consistent with the views herein expressed, costs in this court to be borne by the Employers Casualty Company, all other costs to await the final determination of this litigation.