QUEENS COUNTY SAVINGS BANK, Plaintiff, *v.* LENA THALER et al., Defendants.

Supreme Court, Special Term, Queens County, September 9, 1943.

*Isidor Canner* for defendants.

*Donald W. Roberts* for plaintiff.

COLDEN, J. This is a motion made in behalf of the defendant Morton Thaler for an order pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended [U. S. Code, tit. 50, Appendix, § 501 *et seq.*], staying the plaintiff from proceeding with the instant action to foreclose a mortgage upon certain property in his name.

The premises covered by the mortgage consist of a two-story building located in the business section in Flushing, Queens County, New York. The ground floor of the building is occupied by a store rented at sixty-five dollars per month, and the floor above is occupied by the defendant Lena Thaler, the mother of the moving defendant, who formerly owned the property. She transferred it to her son by a deed dated February 3, 1942, and recorded on August 25, 1942, and prior to the October 6, 1942, amendment to the Soldiers' and Sailors' Civil Relief Act (U. S. Code, tit. 50, Appendix, § 536), which extended to dependents the relief formerly accorded solely to persons in the military service. (See *Jamaica Savings Bank* v. *Bryan,* 175 Misc. 978; *Nassau Savings and Loan Assn.* v. *Ormond,* 179 Misc. 447.)

The defaults alleged in the complaint are for failure to pay installments of interest which became due on June 1, 1942. Thus

on September 16, 1942, when the moving defendant entered the armed services of his country, the defaults upon which this action is predicated had already occurred. Under these circumstances the movant is not entitled to the relief here sought. (*Franklin Soc. for Home-Building & Savings* v. *Flavin*, 265 App. Div. 720; *Baer* v. *Eads,* 181 Misc. 226.) Surely the defaults upon which the action is based were not occasioned by the movant's subsequent induction into the military service, and the fact that the deed to him dated February 3, 1942, was not recorded until some three weeks before his induction, although subsequent to the default, does not alter the situation. On February 3, 1942 — the date of the deed — the mortgage was not in default. According to the report of the referee upon computation, no payment on account of the interest due on the bond and mortgage has been made since March 1, 1942. It is evident that the movant, who then owned the property under the unrecorded deed, personally suffered the default before he entered upon military service.

It should be borne in mind that the court is authorized by the Act to stay proceedings as may be equitable to conserve the interests of both parties, and a person in the military service is entitled to the benefits accorded by the Act only if his ability to comply with the terms of his obligation has been materially impaired by reason of such military service. (U. S. Code, tit. 50, Appendix, § 532.) Such was clearly not the case here at the time of the defaults, nor indeed has it been shown to be so at present. The movant, unmarried, is a first lieutenant in the Dental Corps, and concededly receives a total of $3,408 per annum. He fails to show what his income was prior to his induction and that his ability to pay interest on the obligation has been materially affected thereby.

There is no merit to the instant application and the same is accordingly in all respects denied. Submit order.