No. 15,512.

PEOPLE EX REL. FLANDERS *v.* NEARY.
(154 P. [2d] 48)

Decided December 4, 1944.

Mr. OMAR E. GARWOOD, for plaintiff in error.

Mr. A. T. STEWART, for defendant in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS is an action in quo warranto brought under Rule 106, (a) (3) R.C.P. Colo., on the relation of a private citizen of the tenth judicial district against Ralph L. Neary as district attorney of that district. The record shows that defendant was duly elected district attorney in the November 1940 election, and subsequently duly qualified and assumed the duties of that office; that on or about March 1, 1942, he accepted a commission as major in the United States Army.

Relator prayed for an order directing defendant to show cause why he should not be removed and excluded from office, and also for an order perpetually restraining him from exercising, performing or attempting to perform any of the duties of district attorney of the tenth judicial district. This order was sought on the theory: (a) that the two offices which defendant now holds are wholly and completely incompatible; (b) that defendant automatically resigned and vacated the office when he accepted his commission in the United States army and that since March 1, 1942, the office of district attorney has been vacant; (c) that defendant, since March 1, 1942, has been continuously absent from the state of Colorado and the tenth judicial district, has been wholly unable to perform any of the duties of district attorney of the district, and has abandoned that office. Defendant, through his counsel, filed a motion calling attention to the provisions of the Soldiers' and Sailors' Civil Relief Act, passed by Congress in 1940, asking that all proceedings in the case be stayed until his discharge from the military service of the United States, and stating that he had never resigned his office; that since entering military service he had retained his position as district attorney with the consent and authority of the United States War Department, further alleging that "defendant's assignment by reason of such military serv-

14

ice prevents him from remaining in Pueblo county for the trial of the above entitled action and will materially affect his ability to defend such action."

Thereupon relator filed his motion under rule 56 (a) R. C. P. Colo., asking for summary judgment on the ground that there is no genuine issue as to any material facts, and calling attention to section 2, article XII of the Colorado Constitution, which reads: "No person shall hold any office or employment of trust or profit, under the laws of the state or any ordinance of any municipality therein, without devoting his personal attention to the duties of the same." Relator also relies upon section 29, article VI of the Colorado Constitution, which is as follows: All officers provided for in this article, excepting judges of the supreme court, shall respectively reside in the district, county, precinct, city or town for which they may be elected or appointed. Vacancies occurring in any of the offices provided for in this article shall be filled by appointment as follows: * * *."

The trial court appointed the county attorneys of Pueblo and Otero counties as amici curiae, and thereafter, with their approval, entered an order staying the proceedings in this case during the term of defendant's military service and for three months thereafter. Relator brings the cause here by writ of error and asks that it be determined on his supersedeas application. We have elected to proceed accordingly.

The trial court relied upon the Soldiers' and Sailors' Civil Relief Act of 1940. 50 U.S.C.A. Cum. Ann. p. 185. Section 510, article I, thereof, sets forth the purpose of the act and reads as follows: "In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby

made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."

Section 521, article II, upon which the trial court definitely bases his action, reads as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The trial court, holding that it was compulsory under the provision to grant the stay, made a definite finding that this case did not come under the exception, but held that in his opinion the ability of the defendant to defend this suit would be materially affected by reason of his military service. Relator argued that the statute was essentially a statute of limitations, and as such was not binding upon the people. The court held that the act by its very terms was applicable to the United States and to the several states and territories and cited and quoted from the opinion in *Bowsman v. Peterson,* 45 F. Supp. 741, in which the court states: "The Soldiers and Sailors Civil Relief Act * * * was prompted by at least two considerations, first, the maintenance in the armed forces of a reasonable measure of that unbothered serenity and security in respect of personal responsibilities

which effectively promotes military efficiency and the national defense; and secondly, the assurance that in the field of individual justice no advantage in judicial proceedings by or against a soldier or sailor will result from his absorption in his country's defense." Also, the trial court cited the case of *Cedartown v. Pickett,* 194 Ga., 508, 22 S.E. (2d) 318, which contains the following statement: "Although the language of the statute is general and is unambiguous and is all-embracing * * * it was not intended to serve as an instrument by which one in military service may endanger the peace, the health, and the lives of the people by staying any proceeding brought for the purpose of protecting the general public."

As to whether the public would suffer as a result of the granting of the stay, the trial court in the instant proceeding pointed out that the district attorney, even when actually residing in his district, acts in the majority of cases through deputies, and he took judicial notice of the fact that the office had been properly administered during defendant's absence by his assistant and deputies, and that no additional financial burden had been placed on the district's taxpayers by the continued voluntary payment of salary to defendant by the county commissioners. Reciting that both parties to the litigation were agreed that the question of the payment of defendant's salary was not involved in the case, he further held that relator was possessed of a mere naked legal right.

We in turn note that this proceeding was brought after the greater portion of defendant's term had expired. We take judicial notice of the fact that such term of office terminates within a few weeks, and that, regardless of our ruling in this case, the passage of a short period of time would soon operate to render moot whatever disposition we may make.

■ ■ The authorities overwhelmingly support affirmance of the judgment as is shown by the various

annotations in 147 A.L.R. 1427, 150 A.L.R. 1447, 26 A.L.R. 142, 132 A.L.R. 254, 147 A.L.R. 1419, 148 A.L.R. 1399, and 150 A.L.R. 1444. In the majority of cases the trial court has granted such a stay as was allowed in this case, and apparently without exception their rulings have been sustained on appeal. Where the trial court has refused to grant a stay, and as reason therefor has stated that in its opinion the ability of the serviceman to conduct the litigation is not materially affected by his being in military service, such holding likewise has been sustained on appeal. *Boone v. Lightner,* 319 U.S. 561, 63 Sup. Ct. 1223, 87 L. Ed. 1587. As was said in that case, the legislative history of the 1918 antecedent of the Soldiers' and Sailors' Civil Relief Act of 1940 shows that the judicial discretion conferred on the trial court regarding the stay of proceedings was the very heart of the policy of the act. We find no case where the exercise of this discretion by the trial court has been set aside on appeal.

In the case of *Perkins v. Manning,* 59 Ariz. 60, 122 P. (2d) 857, on which relator relies, the serviceman brought an original proceeding in mandamus for an order directing the state superintendent of public health to approve his salary claims against the state, and the Arizona Supreme Court quashed the alternative writ. Here it will be noted the Soldiers' and Sailors' Relief Act was not invoked, and there was a disposition of the case on its merits.

In *Commonwealth ex rel. v. Smith,* 343 Pa. 446, 23 A. (2d) 440, and *State ex rel. v. Roth,* 140 Ohio St. 377, 44 N.E. (2d) 456, the relator in each case was in the military service of the United States and had been dispossessed of his office by a civilian who was exercising the duties of the office when the serviceman brought an action in quo warranto. In the latter case the action was original and the demurrer to the pleading was sustained and ouster denied. In the former case the writ was quashed by the trial court and the action was sus-

tained by the appellate court. In neither case was the Soldiers' and Sailors' Relief Act invoked, and both cases were decided on their merits.

*Fekete v. City of East St. Louis*, 315 Ill. 58, 145 N.E. 692, was a suit to recover salary as a public official by a serviceman during the time he was in the army in France (1917-1919), brought after he had resumed civilian status. This case, therefore, was not under the Soldiers' and Sailors' Relief Act of 1918, and in a determination on the merits, remuneration was denied.

In the instant case, it will be noted that the facts are exactly reversed. The serviceman has not been dispossessed of his office, the local authorities have seen fit to continue his salary, and the trial court has made a finding that the public is not being harmed, in addition to the finding that the serviceman will be at a disadvantage if a stay is not granted under the Federal Relief Act.

For the foregoing reasons we are constrained to affirm the stay granted by the lower court. In doing so it should be again emphasized that we do not pass on the merits of the right of defendant to hold office or his right to the salary that goes with the office.

Judgment affirmed.

MR. JUSTICE BURKE dissents.