## No. 15,622.

## Koons *v*. Nelson.
(160 P. [2d] 367)

Decided June 18, 1945.

Messrs. Wolvington & Wormwood, for plaintiff in error.

Mr. Walter F. Scherer, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

IN a tort action tried in the district court without a jury, Gail Nelson, defendant in error, recovered a judgment in the sum of $4,500.00 against Ralph Koons, plaintiff in error, to review which judgment this writ of error is prosecuted.

The parties will be referred to as plaintiff and defendant as that position was taken by them in the trial court.

Both plaintiff and defendant are in the armed forces of the United States Government, and at the time of the accident herein involved both were stationed at army posts near Denver, Colorado. At the time of the trial defendant was overseas.

Plaintiff, on the night of April 4, 1944, had been visiting at his home at 1745 Jasmine street, Denver, Colorado, and at about 12 o'clock midnight left to board a streetcar running easterly on East Colfax avenue towards Buckley Field. When plaintiff saw the streetcar approaching, he left the curb, entered the street and signaled, but the motorman failed to stop. Almost immediately and as plaintiff was returning to the curb he was struck by an automobile driven by defendant and seriously injured. As a result of the injuries thus sustained, plaintiff was confined in the Regional Hospital at Buckley Field from the time of the accident until the trial on February 13, 1945, and, according to the only medical testimony offered, it will be necessary for him to continue to wear braces and use crutches for at least another six months. After this six-months period plaintiff will be sufficiently recovered to return to limited duty of a sedentary nature, with the prospect that eventually his recovery may be complete. At the time of the trial plaintiff was still a member of the armed forces and as such received his usual compensation, together with hospital care and medical and surgical treatment furnished by the United States Government without cost to him.

The complaint filed on April 11, 1944, was based on defendant's negligent operation of his automobile. De-

fendant's deposition as an adverse witness was taken by plaintiff on April 20, 1944. Defendant interposed motions for a bill of particulars and for a physical examination of plaintiff and subsequently filed his answer on October 27, 1944. In his answer there was a denial of negligence and a second and third separate defense alleged unavoidable accident and contributory negligence, respectively. Apparently the case was set for trial for January 2, 1945, and defendant, on December 18, 1944, filed his application for stay of proceedings, in which application he set forth the fact that he was in the military service of the United States and had recently been ordered overseas, and, therefore, it was impossible for him to be present at the time of his trial, and his presence was necessary in order that justice be had. This application, as well as a similar one presented at the trial, were denied. The case was reset for trial for February 13, 1945. On January 29, 1945, defendant's deposition on written interrogatories was taken. The deposition of defendant taken on April 20, 1944, as well as that taken on January 29, 1945, were offered and received in evidence. Other than the depositions of defendant, the only witnesses appearing at the trial were the plaintiff and the army orthopedic surgeon who had, and continues to have, charge of plaintiff as his patient. Plaintiff consented to stipulate that any material testimony which the defendant offered would be admitted as his testimony without objection provided it was not contradictory of the evidence contained in his depositions.

The record discloses that defendant carried a contract of indemnity with the American Indemnity Company in the sum of $5,000.00, and it is reasonable to assume that the attorney who represented him during the entire course of this litigation not only appeared as his attorney but also acted as counsel for the indemnity company.

In the original complaint plaintiff asked damages in the sum of $10,000.00, but it was amended, as defendant was advised it would be, so that the amount of damages sought was $5,000.00.

There are three specifications of points: (1) The judgment is excessive; (2) plaintiff was guilty of contributory negligence, and (3) denial of defendant's application for a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act. We shall discuss these in the order named.

The trial was had, as we have said, before the court without the intervention of a jury, and plaintiff and the army officer were the only witnesses as to the seriousness of the injuries which plaintiff suffered. There was no monetary loss of importance, and the judgment must have been based entirely upon pain and suffering. Without attempting to detail the medical testimony, it indicated generally that there was a fracture of the right femur, a concussion of the brain, and the operative procedure resulted in the insertion of a steel plate and seven screws in the fractured femur. The patient was confined in bed with twenty pound weights attached to the end of his extremities for a long period of time. It subsequently developed that the union was faulty and that the area of the fracture had refractured. There is no denial that the injuries sustained by plaintiff were serious in nature and no attempt is made by defendant to minimize them or to in any way refute evidence introduced as to their seriousness. If the seriousness of plaintiff's injuries was questioned, this evidence was properly available to defendant without his personal presence at the trial. Under all the circumstances, the damages to be awarded, if plaintiff was entitled thereto, was for the determination of the trial court under the evidence. There is nothing in the record which justifies us in concluding that the amount of judgment is excessive, and, consequently, as to this specification we hold that no error was committed.

■ 2. Defendant alleged that plaintiff was guilty of contributory negligence which consisted, inter alia, in his violation of a certain ordinance of Denver, Colorado, which requires that, "A pedestrian crossing such roadway at any point other than within a marked or unmarked crosswalk, shall yield the right-of-way to vehicles upon the roadway, provided that this provision shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of pedestrians." There was no safety zone at the corner of Jasmine and East Colfax avenue, and, so far as the evidence discloses, there was no marked or unmarked crosswalk there. Plaintiff saw the streetcar approaching in an easterly direction and noticed the reflection of an automobile following the streetcar. When the streetcar failed to stop upon plaintiff's signal, he started back to the curbing, and while he was in the act of returning, defendant in passing, swerved his automobile to the right from the streetcar tracks to travel in the roadway, and either while swerving or immediately thereafter, his car struck plaintiff. If plaintiff was violating a city ordinance in being at the place where he was struck by defendant's automobile, and if defendant was in the exercise of due care, it follows that plaintiff cannot recover. No citation of authorities in support of this statement is necessary. It was the duty of the trial court to determine as a matter of fact from the evidence submitted whether plaintiff was guilty of contributory negligence, and, if he was, whether defendant exercised due care for his safety.

■ The trial court must have determined, as a matter of fact, that the plaintiff was not guilty of contributory negligence, or, if he was, that defendant did not exercise due care for his safety. Whether the trial court concluded from a consideration of the evidence that plaintiff was guilty of contributory negligence, and being so, defendant failed to exercise due care for his safety, or whether the court formed the opinion from

hearing the evidence that plaintiff was not guilty of contributory negligence, we are unable to determine. If the court was of the opinion that plaintiff was not guilty of contributory negligence, there is competent evidence to support its conclusion; if it found that contributory negligence existed but that defendant did not exercise due care for plaintiff's safety, there is evidence in the record to support such finding. In either event we should not disturb the judgment.

It is urged that section 510, article I, and section 521, article II, of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A., War Appendix, provide an immunity for those in the armed service against the trial of actions while they are so engaged and for a period of two months thereafter. The sections under which this immunity is claimed read:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force." Section 510, article I.

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter *may, in the discretion of the court* in which it is pending on its own motion, and shall on application to it by such person or some person on his behalf, be stayed as provided

in this Act, *unless, in the opinion of the court,* the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." (Italics' ours) section 521, article II.

It will be noted that under the Soldiers' and Sailors' Civil Relief Act, supra, provision was made "for the temporary suspension of legal proceedings and transactions *which may prejudice the civil rights of persons"* who are engaged with the armed forces of the United States. At a hearing upon defendant's application for a stay of proceedings under the provisions of the act, it developed that defendant was protected under an indemnity contract to the extent of $5,000.00. At this hearing plaintiff served notice that he would amend his prayer for damages to $5,000.00.

It is proper for the trial court to consider the existence of an indemnity contract in exercising the discretion vested in it by section 521, supra. *Swiderski v. Moodenbaugh,* 44 F. Supp. 687 (reversed on other grounds, 143 F. [2d] 212); *Boone v. Lightner,* 319 U.S. 561, 63 Sup. Ct. 1223, 87 L.Ed. 1587; *Johnson v. Johnson,* 59 Cal. App. (2d) 375, 139 P. (2d) 33; *Royster v. Leterle,* 128 F. (2d) 197.

The provisions of the indemnity contract are not before us, and it is not contended here that defendant's protection under the indemnity contract is in any wise jeopardized by his absence in the armed forces. It is our opinion that where there is an indemnity contract which protects a defendant to the extent of any judgment which might be rendered, his civil rights cannot be prejudiced. It is true that the presence of the defendant at the trial may be of great advtantage to the indemnity company. Under such circumstances, the necessity for his presence becomes no greater than that of a witness. If the application for a stay had been on the grounds of an important witness, we probably would not consider that the trial court had abused its

discretion in requiring the litigant to take the absent witness' deposition,, and having done so proceed to trial. Here the deposition of defendant on cross-examination, as well as his deposition on written interrogatories, were before the court. The defendant here occupied the role of a witness, and under the circumstances there could be no error in refusing to grant the stay. The judgment rendered herein did not "prejudice the civil rights" of the defendant. The act does not purport to grant immunity to the indemnity carrier. Its provisions are concerned only with the legal proceedings and transactions prejudicial to the civil rights of persons in the armed forces.

If it be defendant's contention that the act grants absolute immunity while he is in the armed service and for a period of sixty days thereafter, this is a mistaken construction for we find:

"The Act cannot be construed to require continuance on mere showing that the defendant was in Washington in the military service. Canons of statutory construction admonish us that we should not needlessly render as meaningless the language which, after authorizing stays, says 'unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.'

"The act of 1940 was a substantial reenactment of that of 1918. The legislative history of its antecedent shows that this clause was deliberately chosen and that judicial discretion thereby conferred on the trial court instead of rigid and undiscriminating suspension of civil proceedings was the very heart of the policy of the Act. While this Court had no occasion to speak on the subject, the Act was generally construed consistently with this policy.

"Reenacted against this background without reconsideration of the question beyond a statement in the Senate Committee Report that 'There are adequate safe-

guards incorporated in the bill to prevent any person from taking undue advantage' of its provisions, we are unable to ignore or sterilize the clause which plainly vests judicial discretion in the trial court." *Boone v. Lightner,* 319 U.S. 561, 63 Sup. Ct. 1223, 87 L.Ed. 1587.

■ The purpose of the Soldier's and Sailors' Civil Relief Act was to prevent any prejudice to the interests of those in the armed forces of the United States by protecting their civil rights during that service, and unless it is made to appear that these civil rights will be prejudiced, the statute providing for the stay is not operative. The trial court is vested with a sound judicial discretion in determining whether the civil rights of one in service will be prejudiced by a proceeding, and if its judicial discretion is properly exercised, its determination will not be disturbed on review. *People ex rel. v. Neary,* 113 Colo. 12, 154 P. (2d) 48; *Boone v. Lightner,* 319 U.S. 561, 63 Sup. Ct. 1223, 87 L.Ed. 1587; *Johnson v. Johnson,* 59 Cal. App. (2d) 375, 139 P. (2d) 33; *Swiderski v. Moodenbaugh,* 44 F. Supp. 687; *Bowsman v. Peterson,* 45 F. Supp. 741; *Esposito v. Schille,* 131 Conn. 449, 40 A. (2d) 745; *Laperouse v. Eagle Indemnity Co.* 202 La. 686, 12 So. (2d) 680; *Lankford v. Milhollin,* 197 Ga. 227, 28 S.E. (2d) 752; *Burke v. Hyde Corp.* (Tex.), 173 S.W. (2d) 364; *State ex rel. v. Bunge,* 16 Wash. (2d) 358, 133 P. (2d) 515; *Martin v. Rolfe* (Ark.), 184 S.W. (2d) 70; *Van Doeren v. Pelt* (Mo.), 174 S.W. (2d) 744.

A consideration of the cases cited, as well as many others, convinces us that no decision can be found reversing the action of trial courts where a stay of proceedings under the act has been granted or denied, in the absence of a specific finding by the appellate tribunal that the nisi prius court abused its discretion in so ruling.

We conclude that, if it had been thought wise, in order to protect the civil rights of those in the military service, to grant them an absolute right to a stay until their

service was completed and a reasonable time thereafter, the Congress would have so provided in unmistakable language. The language of the act in question certainly vests in the trial court a wide discretion, and that discretion is presumed to have been wisely exercised in the absence of a showing otherwise. *Melville v. Weybrew*, 106 Colo. 121, 103 P. (2d) 7; *French v. Jarvis*, 79 Colo. 571, 246 Pac. 1032.

A trial court must consider the protection of the rights of an injured plaintiff as well as those of a defendant. In the instant case it properly considered the fact that defendant carried an indemnity contract which, it will be presumed, fully protected him against the invasion of any of his civil rights. The trial court had before it the depositions of defendant. At any time during the trial, if in the opinion of the court, defendant's civil rights were prejudiced, it was its right and duty to immediately stay the proceedings. There was no jury, and it will be presumed that the trial court was sufficiently experienced as not to be too greatly influenced by the crippled condition of the plaintiff and that it could consider and weigh defendant's evidence fairly and impartially. Under these circumstances, the trial court determined that the civil rights of the defendant would not be prejudiced by his service in the armed forces of the United States, and with this conclusion we are in agreement.

■ We are mindful that the provisions of the Soldiers' and Sailors' Civil Relief Act should be liberally construed to protect those who are obliged to leave their usual vocations to engage in our national defense and we are in thorough accord with this policy. However, the act was to protect the *civil rights of those in service* only, and not those whose indemnity contracts obligated them to assume the payment of a judgment awarded for damages sustained.

■ Whether a trial court has abused its discretion in denying a stay must be determined from a consider-

ation of the evidence in each particular case. No general rule can be announced.

On a careful consideration of the circumstances and evidence, we conclude that the trial court did not commit error as alleged in this specification.

No error appearing, the judgment is affirmed.