LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Mary M. Raftery

    v.

Leslie F. Bruner et al.

February 15, 1965

Case No. A-6771

By JUDGE ALEX H. SANDS, JR.

Plaintiff, a passenger in a vehicle operated by Bruner, claims to have sustained injuries when the vehicle in which she was riding collided with a vehicle operated by Brown, on August 16, 1963.

Plaintiff instituted suit against Bruner and Brown on February 13, 1964. Defendant Bruner filed responsive pleadings on February 25, 1964, and defendant Brown, on February 28, 1964. At the calling of the docket in April, 1964, the case was set down for trial on April 1st, 1965. On January 11, 1965, Brown, by counsel, moved the Court to stay, pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. sec. 521, the trial of the case on April 1st, and in support of such motion filed an affidavit executed by Brown, on December 31, 1964, stating that subject to orders from the Department of Army, Washington, D.C., he was called to duty with the U. S. Army June 12, 1964, and departed for Europe on June 13, 1964, where he will be stationed until June, 1967, and that he will be unable to return to the U. S. A. for trial until released from service without

extreme hardship and that his ability to defend this action has been materially affected by reason of his military service.

## Issue

The issue for determination is whether or not, plaintiff having objected thereto, a stay should be granted.

## General Consideration

While this appears to be a question of first impression in Virginia there is a plethora of outside authority upon the question.

It can be stated as a general proposition that the true purpose of the section of the Act under consideration (50 U.S.C.A. App. § 521) is to prevent prejudice to rights of a litigant in military service because of inability to prosecute his claim or conduct his defense. Womack v. Berry, 291 S.W.2d 677 (Tex. 1956).

It is further generally accepted that this section does not operate as an absolute bar to proceedings against one in military service, Swiderski v. Moodenbaugh, 44 F. Supp. 687 (D. Ore. 1942), but that in each instance it is discretionary with the Court, upon the particular circumstances of each case to determine whether the party in service would be materially affected in his ability to prosecute or defend the action as the case may be. Ratliff v. Ratliff, 15 N.W.2d 272 (Iowa 1944). It has been further said that in exercising this discretion the Court should bear in mind that the stay of proceedings authorized under this section is intended as a shield for the defense of the party in military service and not as an instrument for the oppression of opposing parties. Runge v. Fleming, 181 F. Supp. 224 (N.D. Iowa 1960).

Since this section was enacted for the benefit and protection of service personnel only and since

absent prejudice to service personnel there seems no justification for granting a stay. Luckes v. Luckes, 71 N.W.2d 850 (Minn. 1955), it would appear obvious that it should not be permitted to be used by an insurer of service personnel to defeat or unduly delay prosecution of a cause of action in cases where no material benefit would be received by the service personnel in question by the delay and there is direct authority supporting this view. Johnson v. Johnson, 139 P.2d 33 (Cal. App. 1943).

Accordingly, it has been held in at least two jurisdictions that it is proper for the trial court in determining whether or not to grant a stay in a personal injury action to consider, among other factors, the existence or non existence of indemnity insurance protecting a service connected defendant against liability for damages. See Koons v. Nelson, 160 P.2d 367 (Colorado 1945), and Johnson v. Johnson, 139 P.2d 33 (Cal. App. 1943).

In accordance with this view, and while there is respectable authority to the contrary, it has been widely held that a trial court is fully justified in denying a stay where satisfied that the insured serviceman has coverage adequate to protect him against any possible judgment and where such defending insurer is given reasonable opportunity to avail itself of its insured's deposition. Gross v. Williams, etc., (Ark.) 149 F.2d 84 (8th Cir. 1945); Swiderski v. Moodenbaugh, 44 F. Supp. 687 (D. Ore. 1942); Koons v. Nelson, 160 P.2d 367 (Colo. 1945). Protection of the service personnel in such case may be assured either through voluntary reduction by plaintiff of his claim to a figure within defendant's policy limits, see Gross v. Williams, etc., supra and Swiderski v. Moodenbaugh, supra, or by the power of the trial court to award a new trial if the verdict should exceed the coverage. Johnson v. Johnson, 139 P.2d 33 (Cal. App. 1943).

Two cases, Lindsey v. Williams, 260 S.W.2d 472 (Mo. 1953), and Graves v. Bednar, 95 N.W.2d 123, 75 A.L.R. 1056 (Neb. 1959), which are factually quite similar to the case in issue, both hold denial of stay

justified provided the above reviewed conditions are met and review fully the practical reasons why a stay under similar circumstances should be refused. In so far as the cooperation clause of a policy is concerned it has been held that a showing by the insured in service that he has applied for and been refused permission by his supervisors to attend trial constitutes compliance with the "cooperation clause" of an insurance policy in so far as his absence from trial is concerned.

## Conclusion

The stay, under the terms requested, will therefore be refused provided the Court can be satisfied (a) that the defendant Brown was at the time of accident covered by a policy of insurance which is still in effect, (b) that either the amount of suit is within the limits of such policy or in the alternative that plaintiff agrees to limit any recovery quoad Brown not to exceed such limits, and (c) that Brown's insurance carrier be given ample time and opportunity to take Brown's deposition. It is also thought that perhaps independent counsel or guardian ad litem should be appointed for Brown inasmuch as his actions to protect his rights under his policy might be a subject upon which counsel for the carrier should not properly advise him.

In any event the present state of the pleadings are not in such shape that the court can consider plaintiff's opposition to the motion to stay. Affidavit setting forth the above conditions (see 14 Am. Jur. Pleading & Practice Forms 14:202) would have to be presented by plaintiff. It is further evident that some postponement of the present trial date will, in any event, be necessary.