EDWIN M. POST, Plaintiff, Impleaded with GROVE E. WARNER, Appellant, *v.* EDWARD R. THOMAS and Others, Respondents.

First Department, May 3, 1918.

**War — stay of appeal involving a person in military service — discretionary power of court conferred by Federal statute.**

Under the discretionary authority given to the court by the Federal statute approved March 8, 1918, to stay on its own motion actions by or against persons in the military service during the period of such service or sixty days thereafter, including persons in the naval reserve force, a plaintiff serving in the latter force is entitled to a stay of the argument of an appeal where the result of the decision may charge him with a large bill of costs.

APPEAL by the plaintiff, Grove E. Warner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York, denying his motion for the discontinuance of this action as to him.

*Finis E. Montgomery* of counsel [*Henry A. Rubino*, attorney, appearing specially], for the appellant.

*Edward L. Blackman* of counsel [*Atwater & Cruikshank*, attorneys], for the respondent Edward R. Thomas.

PAGE, J.:

The notice of appeal was duly served upon all the parties, including the attorney for the plaintiff Post. In the mean-

time the attorney for the plaintiff Post has died, and no one has been substituted as attorney in his place and stead. The plaintiff Post is and has been absent from the State of New York for several months past, serving in the Naval Reserve force of the United States. No notice of the argument of this appeal was served upon Post, who is the party most interested in the appeal, for, as the case now stands, there will be a large bill of costs entered against the plaintiffs, for which, if Warner should be successful on this appeal, Post would be solely liable. The matter should not be determined without Post having notice of argument and an opportunity to be heard.

The Congress of the United States has passed the Soldiers' and Sailors' Civil Relief Act, approved March 8, 1918, which provides for the staying, in the discretion of the court in which it is pending, on its own motion, of all actions or proceedings by or against a person in the military service during the period of such service or within sixty days thereafter. (40 U. S. Stat. at Large, ——, chap. ——; Id. ——, § 201.) The Naval Reserve force, with which Post is serving, is specifically mentioned in said act as being within the term "military service." (40 id. ——, § 101.) Therefore, the papers on this appeal will be returned to the clerk of this court and all proceedings herein be stayed until the expiration of the military service of the plaintiff Edwin M. Post, and for sixty days thereafter, unless said Post shall sooner cause an attorney to appear herein in his behalf; in which event, notice of argument may be served on said attorney and the appeal be argued or submitted.

CLARKE, P. J., SMITH, DAVIS and SHEARN, JJ., concurred.

Proceedings stayed as stated in opinion.