## Jenkintown Bank & Trust Co., Trustee, v. Greenspan

508

*Samuel H. High, Jr.*, for plaintiff.
*David E. Groshens*, for defendant.

KNIGHT, P. J., February 24, 1942.—This is a petition under the Act of Congress known as the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178.

From the admitted averments in the pleadings, the written stipulation, and the depositions, we find the following facts:

I

Some time prior to July 8, 1940, Perry Greenspan, Jr., agreed to purchase, and the Jenkintown Bank & Trust Company, trustee under the will of James Krewson, agreed to sell, for the sum of $8,000, eight lots situate in the Township of Abington, bounded on one side by Edge Hill Road, and on the opposite side by Tyson Avenue.

II

Before settlement, Perry Greenspan, Jr., sold one of the lots for $1,400, and applied this amount to the above sum of $8,000. On July 8, 1940, settlement was made for the seven lots. The remaining consideration, $6,600, was made up of $1,000 in cash, and a purchase-money mortgage of $5,600, payable within one year, with interest thereon at six percent.

III

Subsequent to July 8, 1940, Perry Greenspan, Jr., sold another lot, for $1,300, which amount he paid for

a release of the mortgage. As of January 21, 1942, the balance due on the mortgage, which covered six lots, was $4,300, with interest from January 1, 1941. The taxes for 1941, amounting to about $50, have not been paid.

## IV

As of the above term and number, the Jenkintown Bank & Trust Company, trustee, began foreclosure proceedings, which culminated in a judgment against Perry Greenspan, Jr., and the six remaining lots, on November 25, 1941. Although served with the sci. fa., Mr. Greenspan entered no defense to the action.

## V

Perry Greenspan, Jr., enlisted in the armed forces of the United States on December 10, 1941.

## VI

The Jenkintown Bank & Trust Company, trustee, issued a writ of levari facias on its judgment, and the six lots above mentioned were to be offered for sale by the Sheriff of Montgomery County on December 31, 1941. The sale was stayed by this rule.

## VII

Perry Greenspan, Jr., intended to develop the eight lots purchased by him by building homes thereon and selling the lot and house. Mr. Greenspan did build two houses on the two lots sold by him, but this building venture resulted in a loss.

## VIII

We fix the value of the six remaining lots, as of January 21, 1942, at $5,500.

## IX

Since January 1, 1941, 13 judgments have been entered against Perry Greenspan, Jr., aggregating approximately $11,317. These judgments remain open

and are liens on the lots covered by the mortgage in question.

## Discussion

So far as the mortgage is concerned, Perry Greenspan, Jr., has an equity of $1,200 in the six lots mentioned above. From the equity must be deducted the delinquent interest, the taxes, and the costs of foreclosure. These deductions would amount to at least $450, so that the equity of Mr. Greenspan is not more than $750 at the present time. The real estate is nonproductive, and it will not take long to eat up whatever interest Perry Greenspan, Jr., has in the property. As a matter of fact, he has no equity in the real estate whatever, for the judgment creditors would have to be paid before he received anything.

Section 201 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

Certainly the ability of Perry Greenspan, Jr., to conduct his defense to the sci. fa. was not affected by his military service, for judgment was obtained against him before he entered the service.

From a reading of the facts as we have found them, it appears obvious that the ability of Mr. Greenspan to protect his interest in the mortgaged lots, at a sheriff's sale, is not affected at all by his military service, for in fact he has no interest in the land, except to see that his creditors receive as much as possible on their judg-

ments. The judgment creditors are in position to protect themselves, and it is to their interest to get the best price for the land at the sheriff's sale.

We are of the opinion that, in the exercise of our best discretion, this rule should be discharged.

And now, February 24, 1942, the rule is discharged, and the petition dismissed.