MODERN INDUSTRIAL BANK, Plaintiff, *v.* DANIEL J. GROSSMAN et al., Defendants.

Municipal Court of New York, Borough of Brooklyn, Fourth District, February 26, 1943.

*Murray Zazeela* for defendants.

*Samuel Opperman* and *Samuel L. Marcus* for plaintiff.

WECHT, J. This is a motion to stay proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940 and the amendments of 1942. (U. S. Code, tit. 50, Appendix, § 501 *et seq.*)

Plaintiff is the holder for value of a promissory note in the sum of $405, dated October 24, 1941, executed by the defendant Grossman as maker and by the defendants Zazeela and Black as comakers. As security for said note, the defendant Grossman subscribed to and assigned, as collateral, an installment investment certificate. The defendants agreed that, in the event of default in any of the payments on said certificate, the full amount of the note would become due forthwith.

Defendants failed to make payments as provided in said certificate. The reasonable value of the security and the balance unpaid on said note is the sum of $270 to which is added delinquency fines pursuant to the provisions of the Banking Law in the sum of $4.05.

The defendants Zazeela and Black were served with summons and complaint. The defendant Zazeela appeared in person and on behalf of the other defendants and interposed three defenses. The first defense alleged that the defendant Grossman is in the military service of the armed forces and is relieved from making further payments according to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 and amendments of 1942. The other two defenses alleged that the defendants Zazeela and Black received no part of the said moneys; that they too, as accommodation makers, would be entitled to a stay, since the original maker was in the armed forces.

It has already been decided that, before the accommodation makers " may secure a stay, it must first appear that a stay is already operative in favor of the obligor in military service." (*Modern Industrial Bank* v. *Zaentz,* 177 Misc. 132, and in the same case, at page 136, the matter of fines was also mentioned.)

The question before the court is, then, whether or not the defendant Grossman, the one actually in military service, is entitled to a stay. Section 201 of the Act (U. S. Code, tit. 50, Appendix, § 521) gives the court discretionary power to stay actions " unless * * * the ability of * * * defendant to conduct his defense is not materially affected by reason of his military service." The courts have consistently denied stays under the present Acts, as well as under the 1918 Act (U. S. Code, tit. 50, Appendix, § 101 *et seq.*), when the action or pro-

ceeding could be prosecuted without prejudicing the rights of the defendant in military service. (*Dietz* v. *Treupel,* 184 App. Div. 448; *Fennell* v. *Frisch,* 192 Ky. 535; *Davies & Davies* v. *Patterson,* 137 Ark. 184; *Pachke* v. *Feldman,* U. S. Dist. Ct., Northern Dist. Ill., Eastern Division, July 11, 1942; *Jenkintown Bank & Trust* v. *Greenspan,* 44 Pa. D. & C. 507; *Scofield* v. *De Pasquale,* Supreme Court, Kings County, N. Y. L. J., December 24, 1940, p. 2189.) They have granted stays when the rights of the defendant in military service would be prejudiced by his absence. (*Korsch* v. *Lambing,* 28 N. Y. S. 2d 167; *Post* v. *Thomas,* 183 App. Div. 525; *Griswold* v. *Cady,* 27 N. Y. S. 2d 302.)

It undoubtedly appears to have been the purpose of Congress to place the civil rights of the person in service under the protection of the courts. To that end, default judgments cannot be entered without a proper affidavit showing that the defendant is not in military service [§ 200, subd. (1); U. S. Code, tit. 50, Appendix, § 520, subd. (1)], and if such affidavit cannot be filed, no judgment can be entered if the defendant is in the service, until an attorney is appointed to represent him and protect his interest [§ 200, subd. (1)]; and after judgment, a stay of execution may be granted and an attachment or garnishment may be vacated [§ 203; U. S. Code, *supra,* § 523]; and even after judgment is rendered against a person in military service and he was prejudiced by reason of his military service in making his defense thereto, he may be permitted to defend, provided he has " a meritorious or legal defense to the action." [§ 200, subd. (4); U. S. Code, *supra,* § 520, subd. (4); *Lang* v. *Lang,* 176 Misc. 213.]

It was the manifest purpose of Congress temporarily to suspend legal proceedings and transactions which might prejudice the civil rights of persons in the service. The provisions of the Soldiers' and Sailors' Civil Relief Act should be liberally construed in the interest of those for whose benefit it was enacted. There is nothing in the law, however, which empowers a court to stay an action when the defendant nowhere sets forth a proper legal defense. " The fact that a defendant is in military service is not a defense to the action," said the court in *Jamaica Sav. Bank* v. *Bryan* (175 Misc. 978). Moreover, in a recent case decided by the Court of Appeals of Ohio, *Shaffer* v. *Shaffer* (69 Ohio App. 447), the court decided that where the defendant is in military service but is represented by counsel, his rights are adequately protected and a judgment can be entered against him.

418

In the case at bar, the defendant Grossman is represented by counsel; no proper legal defense is interposed. While the court would interpret the Act liberally, yet it cannot interpolate something which is not written therein.

Accordingly, the motion for a stay must be denied.