22 So.2d 556

**BRUMFIELD v. BRUMFIELD.**

No. 37795.

April 30, 1945.

Rehearing Denied June 5, 1945.

Ponder & Ponder, of Amite, for applicant.

J. H. Inman, of Baton Rouge, for respondent.

FOURNET, Justice.

The plaintiff, Louis Floyd Brumfield, instituted this suit against his son, Noel V. Brumfield, to set aside a contract entered into between them on September 1, 1942 (under which certain real estate and cattle were transferred to the defendant and the defendant's two vendor lien notes of $500 each were cancelled by the plaintiff), on the ground that the defendant failed to comply with his obligation to pay the balance due on the $750 consideration recited in the contract at the agreed monthly rate of $30. In this same suit the plaintiff seeks to recover a judgment against the defendant in the sum of $3,036, $1,600 allegedly due for cattle disposed of by the defendant, subject to a credit of $210, and $1,646, the balance allegedly due plaintiff on a $2,096 check entrusted to the defendant after deduction of the $450 already accounted for.

After his pleas to the jurisdiction of the court rationae personae and materiae had been overruled, the defendant filed an answer in which he accounted for the funds derived from the check entrusted to him by his father and averred that the contract of September 1, 1942, had been entered into by them in settlement and adjustment of all of their differences, including those with respect to this check. He gave a detailed statement of the payments and offsets against the amount due under this contract, showing that there remains a balance due of $167, which he offered to and is still willing to pay the plaintiff in settlement; and, finally, invoking the Soldiers' and Sailors' Civil Relief Act of 1940, as amended in 1942, 50 U.S.C.A. Appendix, § 501 et seq., he sought to have the proceedings stayed until such time as he returns from his service in our armed forces.

After hearing the testimony of the plaintiff and that of another of the plaintiff's sons, B. B. Brumfield, the trial judge overruled the defendant's plea to stay the proceedings during his absence in the United States navy and set the case for trial on the merits, whereupon the defendant applied to and was granted a writ of certiorari by this court to the end that the validity of the proceedings might be ascertained; an alternative writ of mandamus to compel the district judge to grant the relief sought; and an order staying all proceedings pending the hearing in this court.

In the act adopted by Congress, commonly referred as the Soldiers' and Sailors' Civil Relief Act, it is declared that: "In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military

service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force." 50 U.S.C.A.Appendix, § 510. And, in the act is also contained the provision that: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 50 U.S.C.A. Appendix, § 521.

Thus it may be seen that the trial judge may, in his discretion, stay, *at any stage,* proceedings in which a person in the military service is involved on his own motion, and that it is his mandatory duty to do so when an application to that effect is made by such person or someone on his behalf *"unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."* (Italics ours.)

Counsel for the plaintiff contends that the defendant is not entitled to the relief sought under the provisions of this act because such delay would avail him nothing; it would only enable him to escape the frauds he has perpetrated on his father in civil life.

It appears from the record that the $2,096 check was in settlement of damages due the plaintiff as the result of an automobile accident and that it was entrusted to the defendant so that he might secure the cash, liquidate certain obligations, and return the balance to the plaintiff. Such a serious and embittered dispute arose between the plaintiff and defendant, however, over the defendant's disposition of the check (and, apparently, other matters) that they executed the contract of September 1, 1942, adjusting and settling all of their differences. Under this agreement, two $500 mortgage notes secured by vendor's lien that had been executed by the defendant were cancelled by the plaintiff, in consideration whereof he (plaintiff) was granted the usufruct of the property, the defendant agreeing to pay all taxes and all of the installments as they became due under the Federal Land Bank's loan thereon; a division of cattle that had been made previously was approved, with the stipulation that such cattle as remained on the property after September 15, 1942, would be deemed the property of the plaintiff and his daughter; and an acknowledgment was made by the defendant of his indebtedness to his father in the sum of $750, $210 of this amount being paid at the time the contract was executed, the balance to be

paid at the rate of $30 a month, beginning October 1, 1942. The plaintiff and defendant designated B. B. Brumfield, son of the plaintiff and brother of the defendant, as the medium through whom the $30 monthly payments would be made and accepted.

According to the testimony of B. B. Brumfield and the plaintiff, the defendant failed and refused to pay any of these $30 installments. However, when we consider the defense set up by the defendant in his answer (that he is entitled to certain offsets, leaving a balance of only $167, which he is still willing to and has offered to pay) and the fact that the plaintiff's evidence is not only inconclusive but also unimpressive in many respects, we think there cannot be a proper presentation of the defendant's defense or protection of his interest without his presence.

It is our opinion, therefore, that the trial judge erroneously overruled the plea to stay the proceedings.

Since this opinion was written counsel for the plaintiff, with the court's permission, filed another brief wherein he now urges that the defendant is not entitled, as a matter of right, to relief under the Soldiers' and Sailors' Civil Relief Act and that he has not shown any cause entitling him to such relief for (1) the obligation sued on was not incurred prior to the time the act went into effect, (2) he has not urged a legal defense, (3) he had ample time to make whatever defense he might have to the suit and to try the same prior to his entering the armed forces, but enlisted voluntarily for the purpose of avoiding an accounting with his father; in any event, that defendant's testimony can be of no probative value because contrary written statements by the attorney and the doctor stating the amounts paid by the defendant for the account of the plaintiff would have the effect of contradicting or impeaching such testimony as the defendant might give.

Counsel's contentions are untenable. He is not supported by the record in his conclusions and the authorities cited by him in support of his contentions (Western Assurance Co. v. Uhlhorn, 41 La.Ann. 385, 6 So. 485; Gilmore v. Gilmore, 137 La. 162, 68 So. 395; Ellis v. Smithers, 206 Ark. 247, 174 S.W.2d 568; Modern Industrial Bank v. Grossman, 180 Misc. 415, 40 N.Y.S.2d 628; Semler v. Oertwig, Iowa, 12 N.W. 2d 265; Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587; and Reese v. Bacon, Tex.Civ.App., 176 S.W.2d 971) are neither apposite nor pertinent.

For the reasons assigned, the writs are made peremptory and the trial judge is ordered to stay all proceedings in this case until such time as the defendant can personally attend the trial of the case, not to exceed sixty days after his discharge from military service. All costs in connection with these writs are to be borne by the plaintiff; all future costs are to await the final determination of this matter.

PONDER, J., recused.