[No. 6142.]

## PARKS ET AL. v. SULLIVAN.

1. **Damages — Duty of Plaintiff to Minimize** — An engineer wrongfully deprived of an instrument is not to be allowed for a total loss of time while he sends to procure another, it not appearing but that he was able to earn money in the exercise of his profession without the instrument, nor but that in fact he was employed during the period in question. It was his duty, moreover, to seek other employment. He is not at liberty to remain idle and claim compensation for his idleness.—(343)

2. **Contributory Negligence**—It seems that an engineer who is employed by a city to locate the lines of the public streets is not chargeable with negligence in setting up his transit in the center of the street while so engaged, nor in leaving it there while he necessarily goes to the sidewalk to set a stake.—(341)

3. **Highways—Negligence in Driving**—It seems it is negligence to drive a covered wagon through the public streets, while standing on a step at the rear of it where objects in the street in advance of the wagon cannot be seen.—(341)

*Appeal from Boulder County Court* — Hon. JUNIUS HENDERSON, Judge.

Mr. B. M. HOLT, for appellant.

Mr. L. P. McGWIRE, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The plaintiff is a civil engineer, and at the time of the occurrence we shall mention, was holding the office of city engineer in the city of Longmont. He had been employed to locate the street lines of two intersecting streets of the city, and while so engaged set up his transit in the center of the street. The

monuments are laid in the center of the streets of the city, and it became necessary, in order to locate the street lines and survey the lots and blocks, to set up the transit at the monuments. After the instrument was set, the plaintiff was required to leave it to drive a stake on the sidewalk, about seventy feet away. While so engaged, a team of horses drawing a wagon containing ice struck the instrument with the wagon tongue, and badly damaged it—so badly, that a witness testified that it would cost more to repair it than it would to purchase a new one. There was no driver in the front of the wagon. There were two persons standing on the rear step, whose duty it was to drive and deliver ice, when the instrument was struck by the wagon tongue. The vision of the drivers was obstructed by the wagon and its contents, so that they could not see the instrument except when quite a distance away. The streets where the instrument was set were one hundred feet in width, and the team was being driven diagonally across the street. The plaintiff recovered judgment in the justice court for fifty dollars, and, upon appeal, for the sum of two hundred and seventy-two dollars, made up of the following items: New instrument, $160.00; freight, $12.00; loss of time, $100.00.

We must reverse the case because of the error of the court in applying the wrong measure of damage. We shall not, therefore, discuss the other questions presented, further than to say that a superficial examination of the briefs incline us to the belief that we should have affirmed the judgment but for the errors stated.

The general rule is, that for the detention, conversion, damage or destruction of property, the measure of damage in the value of the property at the time of its taking or destruction, together with interest on that amount at the legal rate. The circum-

stances of each case determines the time for which interest is allowed. There are exceptions to this rule, and in some instances one may recover for the loss of time, but there must be unusual conditions existing to entitle the owner of property to recover for the loss of his time. In this case, the court awarded the plaintiff one hundred dollars damages for the loss of time, at the rate of five dollars a day for twenty days, as that number of working days expired before the plaintiff was able to procure another instrument for use. The plaintiff testified that he was employed by the city and by others, at the rate of five dollars per day, and the court awarded him damages for the amount he might have earned during twenty days.

The testimony of plaintiff is as follows, as found at page 20 of the transcript of the record:

"Q. You may state to the court, Mr. Sullivan, what you were getting for your services? A. I was engaged, at that time, as city engineer, at five dollars per day and expenses, and also by different people, The Supply Ditch Company and others, to lay out reservoirs, at five dollars a day and expenses.

"Q. You may state what your loss was by reason of the fact that you did not have a machine for those twenty-four days? A. It was five dollars a day net, for twenty-four days."

It was upon this testimony that the court made the award of damages for loss of time. Courts sometimes will allow damages for the usable value of the property, but not for the loss of time of the owner unless the facts are such that the owner is unable to perform his work without the use of the property, and then only for such time as the owner is unable to secure other employment. If, by reason of the loss of the instrument, plaintiff had been unable to perform a contract within the time prescribed, or it

should appear that he had in good faith endeavored to supply himself with another instrument, or if it had appeared that he had been unable to perform any work without the use of his instrument, and that he procured an instrument as soon as possible and was unable to procure other employment, then, if circumstances warranted, the court would probably award consequential damages; but the testimony fails to show that the plaintiff was unable to perform other work, or that he was deprived of all wages by the loss of the instrument. One who is deprived of the use of an instrument cannot remain idle until it is replaced and then claim damages for the loss of time. He must in good faith seek employment without the instrument or tool. There is no proof here of the usable value of the instrument during the period when the plaintiff was deprived of its use, and it does not follow that, because the plaintiff was earning a salary of five dollars per day with his instrument, that he was unable to perform any service in the line of his usual vocation without the use of the instrument, and it does not appear that he endeavored to procure employment other than that requiring the use of the instrument, or that he could not have secured employment without the use of the instrument, or that he was not employed during the period. It does not necessarily prevent employment when a civil engineer is deprived of the use of a transit. A transit is only one of the instruments used by those following that vocation, and although the plaintiff may not have been able to perform work requiring the use of a transit, he has failed to show that he was entitled to damages for total loss of time.

For the reasons given, the judgment will be reversed.                                    *Reversed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.