No. 15,798.

TRUJILLO ET AL. *v.* WILSON.
(189 P. [2d] 147)

Decided January 12, 1948.

Mr. H. BERMAN, for plaintiffs in error.

Mr. CECIL R. DITSCH, Messrs. IRWIN & O'CONNELL, for defendants in error.

MR. JUSTICE STONE delivered the opinion of the court.

R. J. WILSON and Dosia Wilson, in July, 1944, brought separate actions against Trujillo and Joy to recover damages resulting from an automobile accident, in which it was alleged that Joy's truck, driven by Trujillo in the course of Joy's business, negligently ran into a parked automobile in which these two plaintiffs were sitting;

that each of the plaintiffs sustained injuries, and the car of R. J. Wilson was damaged. Originally Robert E. Joy was joined as party defendant, but at the close of the trial, apparently for the purpose of eliminating him from the case, it was stipulated by counsel that the verdicts should be entitled "Dosia Wilson, Plaintiff v. F. B. Joy, doing business as Ace Box Company, and Rudolph Pete Trujillo, Defendants," and "R. J. Wilson v. F. B. Joy, doing business as Ace Box Company, and Rudolph Pete Trujillo, Defendants."

These cases were consolidated for trial and defendants here in both cases seek reversal of adverse judgments below.

Reversal is first urged upon the ground that the trial court erred in denying the last motion for stay of proceedings and in that connection is raised the question of the sufficiency of showing to justify judgment against defendant Trujillo.

At the October, 1944, term, upon application of defendants for stay of proceedings upon the ground that Trujillo was in military service, the cases were continued until the next term of court. On February 13, 1945, further motion for stay was filed. The cases were thereafter set for trial, and on October 17, 1945, defendants' counsel filed a further motion reciting that on September 12, they had been advised by the wife of defendant Trujillo, that he was still in the Philippine Islands. Pursuant to that motion setting was again vacated and the cases reset for January 14, 1946, and heard on January 28, without further showing or objection or further motion for stay.

The answers filed by the defendant Joy merely denied the allegations of the complaint, either specifically or on information and belief.

At the outset of the trial counsel for defendants agreed that there was "no controversy as to the question of negligence; and that the only question permitted to the

jury will be the amount of damages to which each of the plaintiffs may be entitled."

Trujillo's negligence having been admitted, the only question to be tried was the amount of plaintiffs' damages. There was no objection to trial on the date last set therefor, and no showing as to Trujillo's then prejudice by virtue of military service. There is no showing that Trujillo had any knowledge as to the amount of such damages or that, if so, his deposition could not have been taken and safely used in his behalf. The matter of a stay of proceedings is one within the discretion of the court and its ruling will not be disturbed on review unless an abuse of discretion appears from the record. *Koons v. Nelson,* 113 Colo. 574, 160 P. (2d) 367; *People ex rel. v. Neary,* 113 Colo. 12, 154 P. (2d) 48. Trujillo's rights under the Soldiers' and Sailors' Civil Relief Act could not avail the other defendant in any event. *J. C. Penney Co. v. Oberpriller,* 163 S.W. (2d) 1067. Accordingly, no abuse of discretion appears from that record.

Reversal is sought on the further ground that the amount of damages fixed in the verdicts herein are excessive. We cannot invade the province of the jury under the well-settled rule. "The judgment of the jury as to what is a proper and just compensation in such cases must govern, unless the damages awarded are so obviously disproportionate to the injuries shown to be sustained, as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case." *Sanderson v. Frazier,* 8 Colo. 79, 5 Pac. 632.

Error is further urged in admission of evidence and instructing the jury as to damage through loss of income by R. J. Wilson who was permitted to testify as to cost of hired help and his operations and profit the preceding season in raising turkeys and the limit imposed on such operations as a result of the accident. Such evidence was admissible, *Mountain States Co. v.*

*Sanger*, 87 Colo. 369, 287 Pac. 866, and cases annotated; 122 A.L.R. 307, et seq., and prior annotations there supplemented. While such evidence is not admitted as affording a measure of damages but only as an aid to the jury in estimating a fair and just compensation for being prevented by the injury from prosecuting such work, defendant cannot here complain for the reason that no objection was made to the instruction for failure to limit the purpose of the testimony and no proper instruction was tendered to that end.

Further error is assigned to instruction of the jury that it might consider the market value of the car before and after the accident in measuring the damage thereto, when, it is urged, the car was thereafter converted into a truck and no evidence was introduced as to the difference in value between the original car before the injury and the truck after conversion. There was evidence before the jury as to the value of the car both before and after the accident. It appears from the evidence that the car was substantially destroyed as an automobile. Such being the case the measure of damage is the difference between its value immediately before its damage and immediately thereafter, together with any expense of reasonable efforts to preserve or restore it. The fact that the wrecked car was thereafter converted into a truck would not change the applicable rule as to damage, but merely go to the question of value after the injury. The instruction given by the court was correct.

Service was had on Joy in each case, but the record shows no service on Trujillo. No answer was filed in either case in behalf of Trujillo, and no formal appearance was entered in his behalf. However, appearance was made in his behalf (1) by the filing of motions by counsel for defendants Joy, who signed as "attorneys for defendants," (2) by inserting at the bottom of motions for continuance the address of defendant Trujillo, as well as that of defendant Joy, and (3) by stipulation

of counsel that the verdict should bear Trujillo's name as defendant. The court apparently considered the matters above mentioned as being sufficient entry of appearance in behalf of Trujillo, and judgment was entered against him as well as Joy.

Safe practice makes it advisable that the record show formal entry of appearance by counsel in behalf of any defendant who has not been served or filed a pleading, before judgment is rendered against him; but an attorney appearing for a party to an action is presumed to have authority therefor. In the instant case not only did counsel appear in behalf of defendant Trujillo in the trial court, although informally, but he also appears for him in bringing error in this court; and after challenge as to appearance in the answer brief, counsel for defendants specifically declares that appearance was made in behalf of Trujillo in the trial court. While the record is unsatisfactory as to Trujillo, there is no motion or request before us to vacate the judgment as against him; the declaration of counsel as an officer of the court must be given credence and in the absence of further showing the judgment against Trujillo should not now be vacated. Had request for such vacation been made in Trujillo's behalf with allegation of lack of service and authority, a different situation would arise.

We have considered the other specifications urged for reversal and find them without merit.

Judgment affirmed.

MR. JUSTICE HILLIARD dissents.

MR. JUSTICE ALTER dissents only as to judgment against defendant Trujillo.

MR. JUSTICE HILLIARD dissenting.

Regardless of whether error attends the judgment generally, to which, briefly, I shall address myself in the closing portion of this opinion, it is clear, I think,

that at no time did the court have jurisdiction of defendant Trujillo, against whom, in conjunction with defendant F. B. Joy, judgment was entered. Indeed, the record rightly appraised, I am convinced that in so far as the judgment purports to be against Trujillo, it was not intended and wholly inadvertent. There were two cases, one by a husband and the other by his wife, both growing out of the same accident, and which were tried together and jointly presented on review, all as explained in the court's opinion. Therefore, for convenience of discussion, generally, I shall treat the matter as a single case, but on occasion, and in the interest of clarity, I may refer to both cases or to both plaintiffs.

It appears, plaintiffs' allegations considered, that, April 29, 1943, "F. B. Joy and Robert E. Joy, were doing business as Ace Box Company, a Copartnership," and that defendant Trujillo was employed by them as a truck driver; that on said day, such employee, driving and operating said truck in and about the business of the Ace Box Company, "carelessly and negligently" drove same against plaintiffs' automobile, in which they were seated, thereby damaging the automobile and injuring plaintiffs, to their several damage, etc. It further appears, that, while the accident occurred April 29, 1943, as already stated, complaint in relation thereto was not filed until July 12, 1944; that while process was timely served on the Joys, not then, or ever, was process served on Trujillo; that September 26, 1944, "defendants except Trujillo" filed answer to the complaint, denying "that they or Trujillo were careless or negligent as alleged or otherwise or at all"; that the answer was signed by counsel, following which there was a memorandum, saying that the "Address of defendants except Trujillo 2950 Platte River Drive, Denver, Colorado," but said nothing of Trujillo's address, which was consistent with the fact that counsel specifically had excluded Trujillo from his representation; that November 18, 1944, coun-

sel, proceeding on the complaint and answer of the two Joys, moved for postponement, in form saying, "Come now the defendants and move the court to cancel the trial date, * * * and to stay the proceedings herein until the driver, who is the defendant, Rudolph Pete Trujillo, becomes available to testify in person or at least until the time has been allowed as provided for in the Soldiers and Sailors Relief Act. * * * said driver is defendants only witness as to the manner in which the accident occurred on which matter there is a conflict of evidence; plaintiff has several witnesses in this matter; the accident occurred April 1943 but the action was not commenced until July 1944; in the meantime, defendant Trujillo became a member of the United States Army and his whereabouts are unknown * * * except that * * * he is somewhere in the Southern Pacific," etc. Counsel signed and verified the motion, and following such signature the following memorandum appears: "Address of defendants: Ace Box Company 2950 Platte River Drive, Denver, Colorado. Rudolph Pete Trujillo c/o H. Berman [counsel who filed answer for the two Joys; but not for Trujillo] 720 University Bldg. Denver, Colorado." The motion was granted and "cause continued for trial until the next term," etc. In a "memorandum opinion" accompanying that order, the court said: "According to the record and agreements of counsel, Trujillo has not been served and therefore no judgment could be taken against him; but since he is alleged to be the driver of the vehicle involved in the accident, it would seem to the Court that his interests are affected, for this reason: The other defendants would no doubt have a cause of action against Trujillo for whatever judgment is recovered against them, and Trujillo's testimony might have a very live bearing on the amount of damages, if any, recovered by the plaintiffs. It is true," the court continued, "that Trujillo's liability would not be fixed, but assuming that his liability should become fixed in some future action against him by the other

defendants, their measure of damage in the future action would be the amount recovered against them in this action, which amount would be fixed by the jury without the testimony of Trujillo; and that seems to the court to bring Trujillo's interests directly into this case, even though he has not been served."

February 13, 1945, the case again having been set for trial, counsel for "defendants" moved for vacation of that setting, urging, as in the earlier application, the continued absence of Trujillo, saying that, "several days ago the wife of Rudolph Trujillo was interviewed by the defendant F. B. Joy and that she stated that her last information from her husband was that he was either in the South Pacific or India and that there was no likelihood of his return in the near future on a furlough or otherwise." Counsel signed the motion as "attorneys for defendants. Address of defendants 2950 Platte River Drive, Denver, Colorado. [The address of the Joys, not that of Trujillo]." Although formal order to that end does not appear, it is evident that that motion must have been granted, for October 17, 1945, counsel for "defendants" filed a third motion for postponement, in which they reemphasized the continued absence of Trujillo, and added that Mrs. Trujillo had written H. Berman, one of counsel, "I am sorry I am not able to tell you when my husband Rudolph P. Trujillo will be home. He is still in the Phillipine Islands." This motion was signed by counsel for "defendants," but the address of no defendant was given, nor were they identified otherwise. The motion was denied, but for convenience generally, as appears, tentatively the case was reset for January 14, 1946, when it was tried. As the result of the trial, verdict in favor of plaintiff was returned. In form the verdict read: "We, the jury, find the issues herein joined for the plaintiff," but did not say against whom. But, of necessity, as seems manifest, it was not against Trujillo, for he had neither been served with process, nor had he answered. As between him and plaintiff, "issues" had

not been "joined," hence none could have been submitted to, or determined by, the jury, nor does plaintiff claim that there was a trial as against Trujillo. What counsel for plaintiff do say relative to Trujillo presently will be set forth.

The court's opinion stresses the fact that counsel appeared for "defendants," hence, as argued, Trujillo must have been included therein. I have been at pains to state the situation at length. The term "defendants," emphasized in the court's opinion as of controlling importance, examined in the light thereof, clearly shows otherwise. From the inception of the case, and until the closing minutes of the trial, there were two defendants other than Trujillo, namely, F. B. Joy and Robert E. Joy. Counsel not only filed answer for those defendants, but were careful to state that they were not answering for Trujillo. In addition to such formal reservation, in the course of the answer of the two Joys, they denied, as already stated, that "they *or* Trujillo were careless or negligent as alleged or otherwise or at all." In this connection, the court in the majority states: "No answer was filed * * * in behalf of Trujillo, and no formal appearance was entered in his behalf." But, the court emphasized, "appearance was made in his behalf (1) by the filing of motions by counsel for defendants Joy, who signed as 'attorneys for defendants,' (2) by inserting at the bottom of motions * * * the address of defendant Trujillo, as well as that of defendants Joy, and (3) by stipulation of counsel that the verdict should bear Trujillo's name as defendant." I have set forth earlier in this opinion, the record as far as it bears on reasons (1) and (2), quoted immediately above from the court's opinion, and as to point (3) I will state the record as I discuss it. I will treat the points in order.

(1, 2). It should be kept in mind that there were three defendants named in the complaint, that is to say, Rudolph Peter Trujillo, and F. B. Joy and Robert E. Joy, the latter two as Ace Box Company; that in the intro-

ductory line of the answers filed by defendants Joy, it is stated: "Come now the defendants except Trujillo and for answer to plaintiff's complaint allege," etc. In short, the plural word *defendants,* employed by counsel in the answer, contemplates those who were answering, namely, F. B. Joy and Robert E. Joy. Moreover, by the express terms of the answer, defendant Trujillo was excluded therefrom. Because thereafter, in one of his applications for postponement, counsel who has appeared and answered for two defendants—the two Joys—specially excluding defendant Trujillo, as already stated, signed as "attorney for defendants," forsooth, as the court concludes, the absent, unserved, and unanswering soldier thereby appeared, and is concluded. It is true that in that instance, a memorandum following counsel's signature as "attorney for defendants," the address of the Joys was noted as 2950 Platte River Drive, and that of Trujillo as in care of counsel, as already I have set forth at length. The memorandum, typewritten, not signed, or otherwise attested, in itself did not import verity, and at no time, at trial or on review here, has plaintiff claimed it constituted an appearance by Trujillo, or that in reliance thereon anything was done or left undone to plaintiff's injury, frustration, or even discomfiture. Indeed, as earlier stated in this opinion, in granting the motion for postponement, the trial court stated: "According to the record and agreements of counsel, Trujillo has not been served and therefore no judgment could be taken against him." There were subsequent motions for postponement, but, the majority opinion seemingly to the contrary notwithstanding, as respectfully I submit, counsel never again gave Trujillo's address, as in the memorandum attached to the first motion, or otherwise or at all. As to that "appearance," and whatever validity a strained construction might attach thereto, it was cancelled by the trial court's ruling on the motion, in which, to requote, it said: "According to the record and agreements of counsel, Trujillo has not

been served and therefore no judgment could be taken against him." The next motion was signed as attorney for "defendants," defendants' address being given as "2950 Platte River Drive, Denver, Colo.," the established address of the Joy's, for whom he had filed answer, never that of Trujillo. The third and last motion, signed by counsel for "defendants" did not essay to give addresses.

(3) At the very close of the case, although no reason therefor is stated, or even hinted, the name of Robert E. Joy, always theretofore having been a defendant, and who had joined F. B. Joy in a joint answer to the complaint, as already has been stated, was eliminated as a party, by the simple expedient of a stipulation, reading: "It is stipulated and agreed by and between the parties the verdict in this case shall be entitled 'R. J. Wilson vs. F. B. Joy, doing business as the Ace Box Company, and Rudolph Pete Trujillo * * *' " Theretofore both the Joys and Trujillo had been defendants, and had it not been for the stipulation the verdict, as a matter of form, and of course, would have carried all their names. The effect of the stipulation was to make F. B. Joy the sole owner of the Ace Box Company, and, based thereon, to relieve Robert E. Joy from liability, and that was its sole purpose. It was agreed by "the parties," reads the stipulation, not by counsel for them. Trujillo was not there, so, perforce, the agreement was between plaintiff and the two Joys. Trujillo and both the Joys jointly had been sued. Trujillo was not served with process, and by consent of plaintiff and defendant F. B. Joy, the latter gentleman became the sole defendant presently before the court. That that was the theory on which all present proceeded is borne out by the record, which says that the liability of the "defendant," not the *defendants,* was admitted.

But why, in any event, I venture to query, should we be concerned in affirming this judgment against Trujillo? Counsel for the prevailing plaintiff do not ask

it. On the contrary they make manifest the fact that the soldier defendant had not been served, and, as well, had not answered or otherwise appeared. Besides, they say they are not interested in such affirmance. Witness the following, quoted from their brief: "The defendant Rudolph Pete Trujillo was never served with summons * * *. Answers were filed for the defendants except the defendant, Trujillo. No answer has ever been filed for him. * * * Motion for stay of proceedings was filed by attorneys for defendants. This does not expressly appear to be an entry of appearance on behalf of defendant, Trujillo. * * * This motion recites that the whereabouts of Trujillo were *unknown,* except that affiant was informed that he was somewhere in the Pacific. * * * At the time of the filing of the first motion for stay of proceedings under the Soldiers' and Sailors' Civil Relief Act, the defendant, Trujillo, had not been served. No entry of appearance had been made on his behalf. No judgment could have been made against him. No prejudice could have resulted by a judgment against the other defendant, as we shall point out. The appearance on behalf of the defendant, Trujillo, if it was an appearance, was solely an attempt on the part of the other defendant to stall the case by using the name of the service man. * * * The record is perfectly clear," counsel for plaintiff continue, "that the defendant, Trujillo, never had any notice of the pendency of the action. The entire argument of the plaintiff in error, Joy, is to the effect that the defendant, Trujillo, has had no opportunity at all to defend the action. He was brought into the case only by the action of the co-defendant, Joy. * * * It is true, of course, that as the record stands, the judgment is also against the defendant Trujillo. That has apparently resulted without any knowledge on the part of Trujillo. In any event we are not concerned with affirmance of the judgment against Trujillo. It is the judgment against Joy with which *we* are presently concerned." Thus counsel for plaintiff, having intimate

knowledge of the record from the beginning, appraise Trujillo's status in relation to the action. They appreciate, that, while properly the absent serviceman was made a party defendant, and against whom, could they have caused him to be served with process, they would have proceeded in course, still, proceeding in enlightened recognition of the paucity of record basis for judgment against him, commendably and justly give pause; and, pausing, make revelation of the situation, and frankly advise of their willingness to forego the judgment in so far as it is against Trujillo. Why, I respectfully submit, should a bench of reviewing ministers of justice insist upon the validity of a judgment thus regarded by the judgment creditor? "Absence of legal service or authorized appearance," as we have said, "is jurisdictional." *Great West M. Co. v. Woodmas of A. M. Co.*, 12 Colo. 46, 20 Pac. 771, 13 Am. St. Rep. 204. See, also, *Colorado Coal & Iron Co. v. Carpita*, 6 Colo. App. 248, 40 Pac. 248. "There is a well-recognized discretion in the court to call for proof of an attorney's authority when it sees fit." 4 Cyc. 929. This rule applies to courts of review. *Miller v. Continental Assurance Co.*, 233 Mo. 91, 134 S.W. 1003. See, *Santa Rosa v. Fall*, 273 U.S. 315, 47 Sup. Ct. 361, 71 L. Ed. 658. That he may appear and ask to have the judgment set aside, as I venture to believe, is not what the absent, unserved and nonanswering serviceman is entitled.

As to the judgment against the remaining Joy, my study convinces that material error appears. Clearly, defendant Joy's situation considered, Trujillo's presence at the trial was of supreme importance. Only he and plaintiffs, husband and wife, were eyewitnesses of the event out of which the controversy arose. Dates considered, it happened at an untoward time. War was everywhere. Perhaps, out of respect to that very fact, plaintiff delayed instituting action almost for a year and a half. In the meantime Trujillo had become a serviceman, and was sent far away. Out of recognition of his

necessary absence, twice the trial was postponed, not, as should be emphasized, in his interest as a party, for he had not been served, but that he might be available as a witness for the Joys. Once again, predicated on the further absence of the soldier witness, Joy sought, but was denied, continuance, and in January, 1946, trial was had. The Wilsons testified for their side, but Joy, for reasons already explained, had no witness to the happenings. It would be difficult to express the helplessness of Joy. His counsel, proceeding in the face thereof, found it compatible with the evidentiary situation to admit his inability to produce any testimony in contradiction to that given by the Wilsons. When we consider that up to within six months of the trial, the war still raged in the Pacific area, where, as the evidence shows, Trujillo was stationed, and at the time of the trial soldiers had just begun to be returned, evenhanded justice, I think, should have moved the trial judge to order further postponement of the trial. The foregoing is not equivalent to saying that already plaintiff had not been greatly delayed (the first year and a half thereof, as it is fair to say, being attributable to his own election to withhold filing of complaint), but, the circumstances considered, the reasonable requirement was that he, too, should make a further contribution to the war effort by enforced further delay of trial. I am convinced, also, that the award for damages was extravagant and far beyond any fair appraisal of the evidence. The testimony of Trujillo, had it been available, well might have contributed to a better understanding of the situation. The further time sought by the Joys gave promise of Trujillo's presence at the trial.

For reasons I have stated, the judgment should be reversed as to both Trujillo and Joy, and as to the latter, remanded for a new trial. If by that time Trujillo has not been served with process, nothing in the record as now appears should be regarded as justifying entry of judgment against him. But, if he has been served, then

his status will be free from doubt, and all concerned, including the trial court, should proceed in course.

In so far as it relates to serviceman Trujillo, Mr. Justice Alter concurs in this opinion.