Francis **DUGGAN, Stephen Fornstrom, United States Fidelity & Guaranty Company, School District RE–12, Weld County, Plaintiffs-Appellees,**

v.

The **BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF WELD, Defendant-Appellant.**

No. 85CA1733.

Colorado Court of Appeals, Div. I.

May 14, 1987.

As Modified on Denial of Rehearing June 18, 1987.

Certiorari Denied Nov. 30, 1987.

Bruce C. Friend, Greeley, for plaintiff-appellee Francis Duggan.

Frederic C. Reed, Cheyenne, Wyo., for plaintiff-appellee Stephen Fornstrom.

Dickinson, Herrick-Stare & Hibschweiler, P.C., Randal R. Kelly, Denver, for plaintiffs-appellees U.S. Fidelity & Guar. Co. and School Dist. RE–12.

Thomas O. David, Weld Co. Atty., Bruce T. Barker, Asst. Weld Co. Atty., Greeley, for defendant-appellant.

ENOCH, Chief Judge.

This appeal arises out of a collision between a school bus and a truck tractor pulling a semitrailer on Weld County Road 89. The driver of the bus, the owner of the tractor, the school district, and the district's insurer brought this negligence action against the Board of County Commissioners of Weld County (the County). From judgments entered after jury verdicts in favor of all four plaintiffs, the County appeals. We affirm.

Prior to the collision, several early winter storms had caused a considerable amount of snow to accumulate on a section of Weld County Road 89 known as Red Hill. The hill crests on a curve, and visibility from both directions is limited. Testimony and photographs admitted into evidence at trial established that the county grader operator had cleared the snow at the crest of the hill to a width insufficient to allow the two vehicles involved here to pass one another. Although both vehicles were traveling well under the posted speed limit, when they met at the crest of the hill, the narrow channel of snow created by the county grader operator made it impossible to avoid the collision.

I.

The County first contends that the trial court erred by allowing evidence that later on the day of the collision the county grader operator cleared the snow in the area to a full two-lane width. It argues that this evidence of subsequent remedial measures is precluded by CRE 407. We disagree.

▮ Evidence of subsequent remedial measures is not admissible to prove negligence or culpable conduct. However, this rule does not require exclusion when such evidence is "offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." CRE 407. The feasibility exception applies only if the defendant contests the feasibility of precautionary measures at the time of the incident. *Uptain v. Huntington Lab, Inc.,* 723 P.2d 1322 (Colo.1986). Thus, whether this exception is applicable in a particular situation requires consideration of the factual context of the case.

▮ Here, the county grader operator testified that he had widened the road as much as he could during two separate plowing sessions the week before the accident. The County argues that this testimony is not equivalent to a denial that widening the road to two lanes was feasible at any time before the accident. It premises this argument on there having been no showing that the snow and weather conditions on Red Hill were the same at the time of the accident as they were when the grader operator had cleared the road the previous week. It contends, therefore, that it did not contest the feasibility of precautionary measures. We reject this contention.

By testifying that he had cleared the road as wide as he could the week prior to the accident, the county grader operator raised the issue of feasibility of precautionary measures. The inference from that testimony was that it was not feasible to plow the road wider at that time. Evidence that, within hours after the collision, the grader operator in fact plowed the road wider controverted the County's contention that it was not feasible to do so. Evidence

that the snow conditions had or had not changed between the last pre-collision plowing and the collision would go only to the weight to be given evidence of subsequent remedial measures, not to the admissibility of such evidence. Therefore, the feasibility exception to CRE 407 applies here, and the evidence of the post-collision plowing was properly admitted.

 The evidence of the post-collision plowing was also properly admitted under CRE 407 to impeach the testimony of the County grader operator. Such evidence obviously brought into question the operator's earlier testimony that he had widened the road as much as he could the week before. If some of the snow had melted between the last pre-collision plowing and the collision, making it easier to plow after the collision, the County could have introduced evidence of that fact to rehabilitate the grader operator's credibility. However, an affirmative showing by plaintiffs that the snow conditions had not changed was not a prerequisite to the introduction of this impeachment evidence. CRE 407.

## II.

 The County next contends that it was error for the court to have instructed the jury that it could award an amount which would reasonably compensate the tractor owner for loss of use of his demolished tractor. It argues that, under Colorado law, the tractor owner was not entitled to recover the rental cost of a replacement truck because damages recoverable for destruction of personal property are limited to the value of the property destroyed. We disagree.

In *Parks v. Sullivan*, 46 Colo. 340, 104 P. 1035 (1909), our supreme court stated the general rule that the measure of damages for the destruction of property is the value of the property at the time of its destruction, plus interest. The court went on to state an exception which is applicable in this case:

"If, by reason of the loss of the instrument, plaintiff had been unable to perform a contract within the time prescribed, or it should appear that he had

in good faith endeavored to supply himself with another instrument, or if it had appeared that he had been unable to perform any work without the use of his instrument, and that he procured an instrument as soon as possible ... then, if circumstances warranted, the court would probably award consequential damages."

This exception permitting consequential damages to be awarded has been followed by courts applying Colorado law. *See Buchanan v. Leonard*, 127 F.Supp. 120 (D.Colo.1954); *Hillman v. Bray Lines, Inc.*, 41 Colo.App. 493, 591 P.2d 1332 (1978), *affirmed*, 625 P.2d 364 (Colo.1981). Indeed, in *Buchanan v. Leonard, supra*, the plaintiff was allowed to recover the reasonable rental value of a replacement tractor-cab which he needed to complete a delivery contract entered prior to the substantial destruction of his tractor-cab by the defendant. Thus, the instruction to the jury here and the award of the reasonable rental value of a replacement truck were proper.

The County also argues that if consequential damages are recoverable, the tractor owner failed to prove the reasonableness of the replacement rental costs. Again, we disagree.

 The owner rented a replacement truck from a friend for a fraction of what a commercial rental would have cost, and rented it only for the period of time necessary to complete a contract which he had entered prior to the demolition of his tractor. As to this element of damages, he was awarded only the actual rental costs, which were reasonable under the circumstances. *Buchanan v. Leonard, supra; See also Hillman v. Bray Lines, Inc., supra.*

## III.

The County also challenges the sufficiency of the tractor owner's evidence to support the award of damages for his tractor. This challenge is without merit.

 There was considerable testimony to support a conclusion by the jury that the

tractor was a total loss, and expert testimony established that the pre-collision value of the tractor was approximately $13,000. Because the proper measure of damages in such a case is the difference in value immediately before and immediately after the collision, *Trujillo v. Wilson*, 117 Colo. 430, 189 P.2d 147 (1948), this evidence was sufficient to support the damage award.

### IV.

■ The County further contends, based on *City of Denver v. Dunsmore*, 7 Colo. 328, 3 P. 705 (1884), that it can be held liable for injuries arising out of a defect in a road which creates a dangerous condition only after it has been put on notice and given a reasonable opportunity to cure the defect. Based on that case, it argues that the court should have granted its motion for a directed verdict. We disagree.

We note here that defendant did not raise governmental immunity as a defense. It was self-insured at the time of the collision and believed that its self-insurance scheme effected a waiver of immunity pursuant to § 24–10–104, C.R.S. But see *Cobbin v. City and County of Denver*, 735 P.2d 214 (Colo.App.1987). Instead, the county raised as a defense, the standard of care set out in *City of Denver v. Dunsmore, supra.*

A motion for a directed verdict should not be granted unless the evidence compels the conclusion that reasonable jurors could not disagree and that no evidence or inference has been received at trial upon which a verdict against the movant could be sustained. *Mahoney Marketing Corp. v. Sentry Builders of Colorado, Inc.*, 697 P.2d 1139 (Colo.App.1985). There was ample evidence at trial to support the jury's conclusion that the County was negligent. The county grader operator testified that he radioed his supervisor the week prior to the collision to request assistance in widening the road. This constituted evidence of both notice to the county and an opportunity to cure. Thus, even under the *Dunsmore* rule, the denial of the County's directed verdict motion was proper.

The County's other contentions of error are without merit. We deny plaintiffs' request for attorney fees because we do not find this appeal to be frivolous.

Judgments affirmed.

PIERCE and CRISWELL, JJ., concur.